————O————

DAVID D. MILLER, Defendant in Error, *vs.* JAMES A. GILLESPIE, Plaintiff in Error.

1. *Sureties on administrator's bond—Action for contribution between—Discharge in bankruptcy—Res adjudicata, etc.*—The discharge in bankruptcy of a surety on the bond of an administrator, will release him from liability for contribution to his co-surety, who has been compelled to pay the administrator's debt. The surety occupied no fiduciary relation though his principal did. But the fact that the administrator, with the surety and co-surety, were jointly sued on the administration bond, and that the discharge having been pleaded, the case was dismissed as to the surety, will not be held *res adjudicata*. Both plaintiff and defendant, in the suit for contribution, were defendants in the previous action, and did not occupy a hostile position towards each other, and the question of contribution was not raised between them.

*Error to the Clay Circuit Court.*

*D. C. Allen,* for Plaintiff in Error.

I. No contribution can arise save where there is mutual and equal obligation. Gillespie and Miller were not jointly bound to pay the judgment wherein they were defendants. (Wagn. Stat. [Ed. 1872], 71, § 3; Pickering vs. Mississippi Val. Nat. Tel. Co., 47 Mo., 457; Langford vs. Sanger, 40 Mo., 160; House vs. Powell, 45 Mo., 381; Syme vs. Str. Indiana, 28 Mo., 335; Freem. Judg., 89, § 120; Jones vs. Fuller, 38 Mo. 363; Biddle vs. Boyce, 13 Mo., 532; 1 Par. Cont., 31, § 3 [Ed. 1864,] *et seq.*; Labeaume vs. Sweeney, 17 Mo., 153.)

II. In the case of the State *ex rel.* Clark v. Long, the judgment in favor of Gillespie and against his co-defendants was conclusive between all parties to the cause, and destroyed any right of contribution as between Miller and Gillespie, if any ever existed. Miller rested satisfied with that judgment

and did not seek to reverse it. If he was not satisfied, he should have appealed or sued out his writ of error. (Par. Cont., *supra;* Freem. Judg., 125, § 154; Offutt vs. John, 8 Mo., 120; Ridgley vs. Stillwell, 27 Mo., 128.)

*Samuel Hardwick,* for Defendant in Error.

I. It is only between opposing parties that matters are finally determined, and the judgment is binding. (Freem. Judg., § 158; Buffington vs. Cook, 35 Ala., 312; McCrary vs. Park, 18 Ohio St. 1.)

II. A judgment is not binding on any one, unless he has a right to sue out a writ of error or take an appeal. (Leonard vs. Bryant, 11 Met. [Mass.], 370; Downs vs. Fuller, 2 Met. [Mass.], 135; Gilbert vs. Thompson, 9 Cush. [Mass.], 348; Bacon's Abridgement, Title Error, B.) As to Gillespie, the plaintiff could have dismissed as to him or agreed to a judgment in his favor, and Miller had no right to complain. (1 Wagn. Stat., 269, § 4.)

III. The debt was created while the administrator with his sureties was acting in a fiduciary capacity—to execute a will. In such case bankruptcy affords no discharge. (See Bump Bankr., 4 Ed., 439, § 33.)

NAPTON, Judge, delivered the opinion of the court.

This suit is by a surety on an administration bond to recover of a co-surety one-half of the money the plaintiff paid· on a judgment against the administrator and himself as surety.

The defense is that in a suit against the administrator, and the plaintiff and defendant who were his sureties, the defendant pleaded bankruptcy, and his plea was adjudged good and he was therefore discharged from all liability to the plaintiff in that action; and this judgment is relied on as *res adjudicata* in the present action.

On the trial, the proof was clear that the plaintiff paid the debt of the administrator, for whom Gillespie was surety, and this was all the proof offered by plaintiff.

Whether Gillespie's discharge in bankruptcy will operate to discharge him from liability against a suit by his co-surety on an administration bond, is a question not raised in the case.

This question was decided in the case of Jones & Cullom vs. Knox (46 Ala., 53), and we think rightly. The discharge operated to release the defendant Gillespie from all his liabilities, except such as arose from a fiduciary relation; but the surety occupied no fiduciary relation to any one, though the principal did.

In the case of Halliburton vs. Carter, (55 Mo., 435) this view is conceded; and, therefore, though a discharge of the principal would not release the sureties, a discharge of the surety, under the bankrupt law, will be a bar to any action based on such liability.

But it will be observed, that the petition in this case, alleged a bond, a suit on it by certain persons in the name of the State, a judgment in such suit, and a payment by plaintiff of the entire amount, and, therefore, he asks for contribution. The defendant first denies all the allegations of the petition, and then sets up the judgment in the case of State to use of Clark vs. Miller and others, as a *res adjudicata.*

This judgment, thus pleaded, had no bearing on the case. It was not between the parties to the present action. Both the plaintiff and defendant, in this suit, were defendants in that, and did not occupy a hostile position to each other; nor was any question of contribution between them involved or determined. The plaintiff had a right to dismiss as to Gillespie; nor had Miller any right to an appeal or writ of error to reverse the judgment in favor of Gillespie. (Freeman on Judgment, § 158.)

But the plaintiff in this case, offered no proof of any bond, and the allegations of the petition being all denied, he made out no case; nor did the defendant plead bankruptcy or offer any proof on the subject.

The judgment must be reversed and the case remanded; the other judges concur.