EDWARD HOYT, Plaintiff Appellant, v. FRANK S. GREENE *et al.*, Defendant Appellants.

**St. Louis Court of Appeals, December 11, 1888.**

1. **Res Judicata : PARTIES.** Although as a general rule, parties to a judgment are not bound by it in a subsequent controversy between each other, unless they were adversary parties in the former action, yet if it appear that the party against whom the former adjudication is invoked did therein litigate the identical question, or that the litigation was carried on in his interest by one primarily liable, he having notice thereof, and having, in either case, a right to control the proceedings, the rule has no application, and the party will be bound by the former adjudication.

2. **Contract: INDEMNITY : COUNSEL FEES.** Where the defendant, a building contractor, bound himself to indemnify the plaintiff, as owner, against any counsel fees that might be incurred in defending against lien claims of sub-contractors, and in the case of one sub-contractor the plaintiff withheld consent to a payment of his demand and advised the defendant to contest it, and the defendant paid his own counsel fees in the litigation that ensued, the plaintiff could not recover for counsel fees paid on his own behalf in the same litigation.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge,

REVERSED ( *and judgment.*)

---

Hoyt v. Greene.

---

*Smith P. Galt*, for the plaintiff appellant.

As Mesker Bros.' suit sought to recover a mechanic's lien judgment against Hoyt's property for $16,664, and Hoyt had in his hands but $1,121 due Greene on his contract, and Greene did not offer to defend for Hoyt, Hoyt was compelled to defend, and as Greene's bond was an indemnity to Hoyt against attorney fees, as well as against liens, etc., the defendants are liable for the fees. *Hickman v. Craig*, 6 Mo. App. 582. Hoyt is not estopped in this case from raising the question whether or not Greene complied with his contract with Hoyt, as to constructing the building according to the specifications, because Greene, in the mechanic's lien suit, had alleged as one of his defenses, that Mesker Bros. had not complied with their contract with him, Greene; though that controversy between them did involve the question, whether they, Mesker Bros., had put on the roof according to the specifications. In order to make a judgment conclusive on parties they must be adversary parties in the original action. Hoyt and Greene were not adversaries in the mechanic's lien suit. Freeman on Judg., sec. 158; 2 Herman on Estoppel and Res Adjudicata, 149; *Miller v. Gillespie*, 59 Mo. 220; *McCrary v. Park*, 18 Ohio St. 1; *Buffington v. Cook*, 35 Ala. 312.

*E. B. Sherzer*, for the defendant appellants.

The adjudication in the lien proceedings instituted by Mesker & Bros. upon or under said sub-contract against the owner and contractor, was a complete estoppel upon all parties to the record as to the subject-matter of inquiry therein, and was as to all the parties a complete bar to further inquiry into the matters or issues raised and inquired into under such proceedings. The conduct of plaintiff in participating in the defense,

employing counsel and examining witnesses, etc., also estopped him ; and plaintiff's instruction asserting otherwise was properly refused.   R. S. secs. 3180, 3191 ; *Loyd v. Barr*, 11 Pa. St. 41, 51 ; *Picot v. Signiago*, 27 Mo. 125, 128 ; *State to use v. Coste*, 36 Mo. 437, 438 ; *Hopkins v. Hudson*, 107 Ind. 191, 195 ; *Greene v. Clark*, 12 N. Y. 343, 351, 354 ; *Gleason v. Knapp*, 56 Mich. 291, 293 ; *Coates v. Roberts*, 4 Rawle, 112 ; *Strong v. Ins. Co.*, 62 Mo. 289, 299 ; *Wood v. Ensel*, 63 Mo. 193, 194 ; *Stoops v. Wittler*, 1 Mo. App. 420, 423, 424. Defendant Greene, having procured counsel in the defense of the lien suit, and having defended the same on the merits, discharged his duty under the law and within the meaning and im port of the bond ; that plaintiff's voluntary act, in hiring and paying counsel to defend, without consultation w ith, knowledge, sanction or request of defendant, and not necessitated by any refusal or default on defendant's part in the conduct of said suit, did not impose upon defendant the duty or obligation to indemnify plaintiff in such payment, and the court erred in refusing the defendant's instruction directed to that point.   R. S. sec. 3191, p. 536 ; *Hickman v. Craig*, 6 Mo. App. 582, 583 ; 2 Mo. App. 254, 259, 260.   The court erred in not rendering judgment in favor of defe ndant Greene for the full amount in plaintiff's hands after deducting the lienor's judgment ( $1,080.52 ), and indemnity in lien suit, adjudged in respect to the work, etc., done under Greene's sub-contract with Mesker & Bros. *Wagoner v. Dette*, 2 Mo. App. 254, 261.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant Greene c ontracted with the plaintiff to erect for him a two-story factory building according t o certain specifications, and gave bond for the faithful performance of the contract with his co-defendants as

sureties. The bond was conditioned among other things that Greene would perform the contract and hold the plaintiff harmless and indemnified from and against all and every claim, demand, judgments, liens and mechanic's liens, costs and fees of every description, incurred in suit or otherwise, that may be had against him or against the buildings to be erected. The contract provided that the last installment of $2,450 should be paid Greene when the building was completed and accepted.

This action is brought on the bond given by Greene. The plaintiff claims that he was compelled to pay $1,080.52 on a mechanic's lien judgment and one hundred dollars for attorney's fees in defending against the lien. Also that he was compelled to pay $228.02 for completing the roof, and one hundred and thirty-five dollars for painting the outside of the roof, items of expense caused by non-completion of the contract in conformity with the specifications. That the whole amount thus paid by him was $422.54 in excess of money due Greene under the contract, and that by the failure on part of Greene to complete said contract he incurred said additional expenses, wherefore he sues on the bond.

The answer denies that there was any failure on part of Greene to perform the contract so far as protecting the plaintiff's property against liens is concerned; admits the bringing of the lien suit, but claims that the same was defended by Greene at plaintiff's request, and avers that in said suit the question as to whether Greene did complete the contract in conformity with the specifications was fully adjudicated, whereby that question became *res judicata*. The answer further denies that the one hundred dollars counsel fees paid by plaintiff were necessarily paid by plaintiff in defending against any lien claim, and states there is still a balance of sixty dollars due the defendant Greene by the terms of the

contract for which he asks judgment. The new matter in the answer was denied by reply.

The cause was tried by the court without the intervention of a jury, and the parties adduced evidence tending to show the following facts : The plaintiff let the contract to Greene for the entire building under certain specifications, and Greene sub-let the contract for the corrugated iron roofing which was to be of a certain make under the identical specifications to Mesker. When the building was completed, the plaintiff claimed that the iron roofing was not done according to specifications. He wrote to the defendant Greene suggesting to him not to settle with Mesker until the roof was inspected by an expert, and he, plaintiff, was satisfied that it had been put up in accordance with the specifications. The defendant Greene and Mesker thereupon called on plaintiff who refused to pay the balance of about $1,121, still in his hands, and Mesker brought suit for $1,664, which he claimed was due him under his contract with Greene, against Greene as contractor and Hoyt as owner. This claim, however, he reduced to $1,097 before the trial, and recovered judgment thereon for $1,082.50, which judgment the plaintiff subsequently paid.

Upon the trial of the present action the plaintiff gave evidence tending to show that the roof was not constructed in conformity with the specifications and that he paid the amounts as claimed in his petition to have it thus completed ; also that he paid to his counsel in the Mesker lien suit one hundred dollars, which was a reasonable fee. The defendant gave evidence tending to show that the roof was completed according to specifications, that he, Greene, defended the lien suit of Mesker at plaintiff's request, and employed and paid his own counsel ; that the plaintiff himself caused the witnesses to be subpoenaed in the Mesker suit, who were to prove that the roof had not been properly constructed. That

issue was fully and fairly gone into in that suit, and the finding of the court therein was that the roof had been completed in conformity with the specifications.

This being the evidence the plaintiff requested the court to declare that under the pleadings and evidence the plea of *res adjudicata* in defendant's answer cannot be sustained. This instruction the court refused.

The defendant requested the court to declare, in substance, that if it found that the refusal to pay the sub-contractor on account of which the lien proceeding was instituted was at the instance or by advice of plaintiff the owner, and that the owner had in his hand at beginning of such suit moneys belonging or coming to the the contractor enough or more than sufficient to pay the judgment recovered therein, and that Greene employed and paid his own counsel in said suit, then within the meaning of the bond there was no breach thereof or damage sustained thereby, notwithstanding that plaintiff employed and paid counsel in defense of said suit. This instruction was also refused.

The court thereupon rendered judgment in favor of plaintiff for $109.65 on the theory that plaintiff was not entitled to recover amounts paid by him as claimed above the contract price for completion of the roof, but was entitled to recover counsel fees paid by him in the said lien suit with interest. Both parties appeal.

It is stated as a general rule in Freeman on Judgments, section 158, that "parties to a judgment are not bound by it in a subsequent controversy between each other, unless they are adversary parties in the original action." As a general rule this is correct, and as such has been repeatedly approved by our own supreme court. *Miller v. Gillespie*, 59 Mo. 220 ; *McMahan v. Geiger*, 73 Mo. 145. The sole reason of the rule, however, is that unless they were adversary parties, the identical question which arises on the second action was not likely to have been litigated in the former action, as was the

case in *McMahan v. Geiger, supra,* or the person against whom the judgment is invoked had no right to control the proceedings as to his co-defendant in the former action, as was the case in *Miller v. Gillespie, supra.*

Where, however, it conclusively appears that the identical question was litigated, and that the party against whom the former adjudication is invoked did litigate it, and had a right to control the proceedings, or where the litigation was carried on in his interest by one primarily liable, and he had notice and a right to control the proceedings, the reason of the rule falls away, and the rule itself has no application. *Cessante ratione cessat lex.* In *Strong v. Phoenix Ins. Co.,* 62 Mo. 299; *Wood v. Ensel,* 63 Mo. 193; *Missouri Pacific Ry. Co. v. Levy,* 17 Mo. App. 508, and *Landis v. Hamilton,* 77 Mo. 565, the parties against whom the former adjudication was invoked were not even parties in the former proceeding, nor privies in a strict sense of the term, yet they were held to be conclusively bound by it on the ground that they participated in a litigation with a right to control the proceedings, and this litigation was carried on in their interest, or for their ultimate benefit.

One of the main reasons for giving effect to former judgments in subsequent litigations touching the same subject-matter, is that the state is concerned in the proposition that the identical question should not be litigated more than once. Here the question in the Mesker suit was identical with the one arising in the present action. There can be no controversy on the evidence but that the roof and the specifications are the same. There is no pretense that Mesker's contract with Greene was different, so far as the construction of the roof is concerned, from Greene's contract with plaintiff. Mesker merely stepped into the shoes of Greene. The contest was carried on by Hoyt's "acquiescence and for his benefit and protection, and if good faith was

observed, there can be no reason why the identical question should be litigated twice." *Strong v. Phoenix Ins. Co., supra.*

The statute (section 3191) makes it the duty of the contractor to defend an action brought by the sub-contractor, and authorizes the owner, in case the sub-contractor's lien claim passes into judgment, to deduct the amount of the judgment from the amount due the contractor. It establishes a privity by representation between the contractor and owner, and makes the judgment obtained by the sub-contractor conclusive against the contractor, not only in favor of the sub-contractor, who was an adversary party, but also as against the owner, who was his co-defendant. As estoppels are in their nature mutual, it necessarily follows that the owner is likewise precluded from questioning the validity of the sub-contractor's judgment, when he had full opportunity to defend, and did in fact defend against the claim, in any subsequent action between the contractor and himself.

It results from these views of the law that the instruction asked by the plaintiff, to the effect that the record in the Mesker suit was not evidence of *res judicata*, was properly refused, and that there is no merit in plaintiff's appeal.

The bond binds the defendant to hold the plaintiff harmless and indemnified from and against all and every claim, demand, judgments, liens and mechanic's liens, costs and fees of every description incurred in a suit or otherwise that may be had against him or against the buildings to be erected." The defendant requested the court to declare the law that under the evidence there was no breach of that part of the bond. This the court refused, and by its judgment declared the defendant liable to pay the one hundred dollars counsel fees paid by plaintiff in the Mesker suit. Under the terms of the bond the defendants were undoubtedly

liable to pay any counsel fees necessarily incurred by plaintiff in any suit growing out of the contract, which was the result of Greene's default, but there is no evidence of such default in the record. The Mesker suit was due to plaintiff's advice, and yet the defendant employed and paid his own counsel therein as soon as he was served with process. Although the plaintiff was served at a preceding term, yet there was no necessity of his employing counsel, since no valid judgment could be rendered against him until the contractor was brought in by summons. R. S. sec. 3180 ; *Wibbing v. Powers*, 25 Mo. 599. In *Hickman v. Craig*, 6 Mo. App. 582, the contractor did not defend at all, but permitted judgment to go against him by default. The owner contested the claims alone and after judgment brought suit to recover the counsel fees expended by him. The contractor claimed that the owner held funds sufficient in his hands to pay off certain specific liens and failed to pay them although requested so to do by the contractor, and asked the court on that hypothesis to give the following instruction :

"If the jury find from the evidence that when the house in controversy was delivered up to plaintiff, the plaintiff was owing defendant Craig any sum for the building thereof, and that Craig directed the plaintiff or her agent to apply said moneys so due, in the payment of any specific liens on said house, and that plaintiff failed to so apply said moneys, but contested said liens, then the court declares that with respect to said liens so contested by plaintiff, the plaintiff is not entitled to recover anything by way of costs and attorney's fees incurred in defending such liens which he was so directed by defendants to pay."

This instruction the court gave, and this court held there was no error in the instruction given. It is true that that holding was upon the defendant's appeal, and hence the case is not an authority in defendants' favor

in the present action, but neither is it an authority in plaintiff's favor as claimed by his counsel. As the plaintiff in this case failed to show that the payment of counsel fees by him in the Mesker suit were due by any default of Greene, the instruction asked by the defendants should have been given, which, under the uncontroverted facts as to the balance in the plaintiff's hands, and the amount expended by him in paying the Mesker judgment, entitles the defendants to judgment in the present action.

The judgment is reversed and judgment entered in this court in favor of defendants. All the judges concur.