## Ferdinand Siegel et al. v. Joseph Fish et al.

### Gen. No. 12,729.

1. CONTRIBUTION—*what not res judicata of right to.* Stockholders who have been compelled to pay a corporate debt are not barred from the right to enforce contribution from their co-stockholders because of the fact that such co-stockholders had been made parties to the same bill by the creditor who has enforced stock liability, and had been dismissed therefrom.

2. CONTRIBUTION—*upon what right of stockholders to enforce, rests.* The right to contribution by stockholders who have paid a corporate debt rests upon principles of equity.

3. CONTRIBUTION—*when cause of action arises with respect to running of Statute of Limitations.* The right to enforce contribution of co-stockholders arises upon the payment of the corporate debt, and not until such payment does the Statute of Limitations begin to run, notwithstanding the stockholders seeking contribution had opportunity of filing a cross-bill in the proceeding in which they were decreed to pay the corporate debt.

Bill for contribution, etc. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed November 7, 1906.

BINSWANGER & JACKSON, for appellants.

FELSENTHAL, FOREMAN & BECKWITH, JAMES A. PETERSON and WILLIAM S. CORBIN, for appellees.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The question presented for determination in this case is whether appellants who, in common with appellees, were holders of unpaid capital stock in a corporation, can under the circumstances of the case maintain a bill for contribution against other holders of unpaid stock in the same corporation. Appellants have paid a decree obtained against them in a proceeding by a creditor of the corporation in which the latter sought to enforce the liability of stockholders

for the debt of the corporation to the extent of the un-
paid portion of the stock held by such stockholders.
The case is reported and the facts sufficiently stated
in Siegel v. Andrews, 181 Ill. 350

The decree which appellants paid was obtained by
A. H. Andrews & Co. November 13, 1897, through a
cross-bill in the nature of a creditor's bill, which it
appears was filed in a suit originally begun by one of
the stockholders of the Missouri Colby Testing Ma-
chine Company, seeking a dissolution of that corpo-
ration. Certain of the stockholders, defendants in
that suit, filed sworn answers to the creditor's cross-
bill, to which replications were not filed, it is said,
within the time required. The court thereupon held
that as to such defendants the cause should be heard
upon cross-bill and sworn answers, the latter to be
taken as true, and as to those defendants dismissed
the creditor's cross-bill for want of equity. Stock-
holders who thus escaped liability to the creditor are
defendants in the suit at bar and appellees here. They
demurred to appellant's bill and the Circuit Court
has sustained their demurrers and dismissed the bill
for want of equity. From that decree this appeal is
prosecuted.

It is contended in behalf of appellees that the de-
murrers were properly sustained upon the ground,
first, that the decree dismissing appellees from the
suit above referred to (Andrews v. Siegel et al.), in
which the creditor of the corporation had made them
parties defendant, was an adjudication of the issues
raised by the present bill, in which it is sought to sub-
ject them to contribution; and second, that upon the
facts as stated in the bill now in controversy, appel-
lants are barred by the Statute of Limitations from the
relief sought.

As to the first of these contentions it is clear that
appellants, who as stockholders have been compelled to
pay a debt of the corporation and are here seeking con-
tribution from appellees who were holders of other un-

paid stock in the same corporation, stand in a very different relation to appellees from that held by a creditor of the corporation who was in the former suit seeking relief from them. A decree dismissing a creditor's bill as to certain stockholders sued with others, especially when obtained practically by default, cannot be regarded as a judgment on the merits finally determining that the stockholders so dismissed are not liable to contribute to pay the debts of the corporation to the extent of the unpaid portion of their stock. As said by the Supreme Court in that cause (Siegel v. Andrews & Co., *supra,* p. 356), ''this being a creditor's bill, one defendant stockholder alone might have been pursued to the exclusion of all other stockholders. Palmer v. Woods, 149 Ill. 146.'' There was and is in that former suit neither identity of parties nor cause of action with the suit at bar. In fact appellees' main contention here is not that the former decree dismissing that suit as to appellees barred appellants' claim to contribution, but that appellants could and should upon such dismissal have asserted appellees' proportionate liability in that suit by filing a cross-bill therein and bringing appellees back into it, instead of waiting until they had paid the decree against themselves and then asserting in the present suit the right of contribution. The dismissal of the creditor's bill as to appellees was not a determination that the latter were not liable for contribution. No such question had arisen at that time, and none could have been presented in that case. What is said in Miller v. Gillespie, 59 Mo. 220, is in point: ''The judgment thus pleaded had no bearing on the case. It was not between the parties to the present action. Both the plaintiff and defendant in this suit were defendants in that and did not occupy a hostile position to each other; nor was any question of contribution between them involved or determined.'' See also Baldwin v. Hanecy, 204 Ill. 281-282; Wright v. Griffey, 147 Ill. 496.

The second of appellees' contentions is that appellants were guilty of laches, and that their right to maintain the present bill for contribution is barred by the Statute of Limitations. The contention is that while appellants might have filed a cross-bill in the original suit brought by the creditor of the corporation (Andrews v. Siegel) or could have waited until they had paid the decree against them, and then filed an original bill for contribution, as they have done, nevertheless having a right to pursue either of these methods for relief the Statute of Limitations began to run whenever the right accrued to proceed by either of them; and that the statutory period, more than five years, during which a creditor can proceed, having elapsed since the right to file a cross-bill in the creditor's suit accrued, appellants are now barred from proceeding by an original bill for contribution. In support of this view appellees' counsel cite Parmelee v. Price, 208 Ill. 544-560, in which it is said: "Where two methods are provided by statute by which a creditor of a corporation may enforce the liability of a stockholder for his unpaid stock subscription, the Statute of Limitations begins to run whenever a right accrues to the creditor to proceed directly against the stockholder by either method, and when the statutory period counting from that time has elapsed the right to proceed by either method is barred" This was a case where a suit was brought by a creditor of the corporation to enforce against a stockholder his "liability resulting from the statute" for unpaid stock subscription. In such case "the relation of the stockholder who has not paid for his stock to the corporation or the creditor, is the ordinary one of debtor." *Idem*, p. 561. "His liability to the creditor is not a liability upon his contract of subscription * * * but is a liability resulting from the statute consequent upon the fact that he is a shareholder and the action of the creditor against him is a 'civil action not other-

wise provided for' within the meaning of Sec. 15 of Chapter 83 of Hurd's Rev. Stat. of 1901, and is therefore governed by the five year Statute of Limitations." *Idem,* p. 559. In the case at bar the action is not brought by a creditor of the corporation to enforce statutory liability, but by stockholders who have been compelled to pay the creditors while others equally liable to the corporation to the extent of their unpaid subscriptions have escaped. The right of contribution sought to be enforced here by stockholders who have paid against stockholders who have not, rests not upon the statute, but upon well recognized principles of equity. "The doctrine does not rest on the express contract between the parties, but on the common obligation resting upon them, and on the broad principle of justice that where one has discharged a debt or obligation which others were equally bound with him to discharge and has thus removed the common burden, the others who have received an equal benefit ought in conscience to refund to him a ratable proportion." A. & E. Encyc. of L., 2nd ed., vol. 7, p. 326. This right of contribution is an equitable right. Buchanan v. Meisser, 105 Ill. 638-644. In Singer v. Hutchinson, 183 Ill. 606-620, it is said that when part only of the stockholders are made defendants, their remedy, if they desire equitable distribution of the burden, is to file a cross-bill, and this can be done either before or after the complaining creditor, having made all the stockholders parties, may choose to dismiss as to some of them. If, however, the remaining stockholders omit to file such cross-bill, their remedy is not lost by the omission. "They may file an original bill for that purpose if they see fit so to do." The argument in behalf of appellees is that appellants, having had a right to file a cross-bill making appellees again parties after the latter had been dismissed out of the creditor's suit in the Circuit Court, had then a cause of action against appellees and that

when appellants thus had a cause of action the stat-
ute began to run, and having run more than five years
before the present bill was filed, appellants are barred
by the Statute of Limitations. We cannot concur in
this contention. Appellants may have had a cause of
action, but it was not the same cause of action now
asserted. It is not, we think, correct to say in effect
that appellants had a cause of action for contribution
from appellees as fellow-stockholders or its equiva-
lent, because they were entitled to file a cross-bill in
the creditor's suit and so prevent the dismissal of that
bill as to appellees. The result of so doing might be
to procure an equitable distribution of the burden
which the creditor and judgment debtor was seeking
to impose upon such of them as were not dismissed out
of the cause. The decree, however, would not have
run in their favor but the creditor's. The right to
place an equitable distribution of the debt upon all
stockholders who were liable in proportion to their
unpaid portions of the stock if secured by the cross-
bill at that time might, it is true, have obviated the
necessity for the present bill for contribution, but the
failure to file such cross-bill did not deprive appellants
of the right to file subsequently their original bill for
that purpose. A right to have a *pro rata* distribution
of a debt upon all the stockholders is not, as we have
said, the same as the right to compel contribution in
favor of those who have paid the debt from those who
have not. If the stockholders as to whom the credit-
or's bill was dismissed had preferred to remain in
that suit and suffer judgment for their equitable por-
tion of the creditor's claim rather than be called upon
subsequently for contribution, they could have done so.
But the two causes of action, appellants' right to bring
appellees in that case by cross-bill and keep them
there, and the right of a party who has been compelled
to pay a debt a part of which should be borne by others
to compel contribution, are separate and distinct. The

latter is not dependent upon the former. One may accrue at one time and the other at another time. The first accrued doubtless at or before the time when by dismissal as to some stockholders, the right to bring them back by cross-bill arose. The second could not accrue until appellants had actually been compelled to pay the debt, and who of the remaining defendants would ever be compelled to do this could not be certainly known until final judgment was actually entered and the money paid. Appellants paid November 9, 1899, the decree which was rendered in favor of Andrews & Co. upon the 13th of November, 1897. Then it was that the right to maintain the present bill for contribution accrued, and the Statute of Limitations began to run. The present bill was filed within less than ten months thereafter and less than three years after the decree of the Circuit Court against appellants in favor of the creditor. In Singer v. Hutchinson, *supra,* p. 619, it is said that "if any one stockholder is compelled to pay more than his fair share of any unpaid debt he may resort to his associates for equitable contribution; but with that proceeding the creditor has nothing to do, unless he chooses to intervene to settle equities that may exist between his debtors."

We have noted certain other questions presented by appellees' counsel, but do not deem them of controlling importance. For reasons indicated the decree of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*