LABEAUME, TO USE OF CHOUTEAU, Appellant, *vs.* SWEENEY, Respondent.

1. One joint obligor in a forthcoming bond, who has been compelled to pay the whole amount of a judgment on the bond, may maintain an action for contribution against his co-obligor.
2. Where a surety in a bond was indemnified by a stranger, to whom, on payment of the indemnity, he assigned his recourse against the principal, *it was*

*held,* that the liability of the principal was not extinguished by the payment of the indemnity, but the assignee, in the name of the assignor, may recover against him. In such a case, the rights of the assignee will not be affected by the statement of the assignor, at the time of the assignment, that he did not think he had any recourse against the principal.

3. Where an action is brought in the name of an assignor, by the assignee or person beneficially interested, the defendant cannot avail himself of the plaintiff's want of interest.

## *Appeal from St. Louis Court of Common Pleas.*

*Josiah Spalding,* for appellant. The court below erred in assuming that a stranger, who indemnifies the surety in a bond, cannot, as assignee of the surety, recover against the principal. Payment of the debt by Chouteau did not extinguish the liability of Sweeney on the bond, and Chouteau, by the assignment, succeeded to all the rights of Labeaume against him. 2 Greenl. R. 341. 8 J. R. 249. 1 Wash. C. C. R. 278. 3 Met. 169. 2 Barr, 273. A security taking indemnity may, if obliged to pay the debt, maintain an action on the implied promise against the principal. 4 Pick. 444. A written contract precludes all oral explanation.

*Glover & Campbell,* for same. The respondent cannot avail himself of the defence that Chouteau, before the commencement of this suit, had paid Labeaume all the money that he had paid as surety of Sweeney. A defendant will not be permitted to defeat a suit against him by setting up a want of interest in the nominal plaintiff. 11 J. R. 488. The respondent owes the amount of the judgment to some person, and it makes no difference to him who gets it, provided he is protected against other suits. It will not be contended that, after a recovery in this suit, he would be liable to any one else. When Labeaume paid the judgment, he had a cause of action against Sweeney. He can recover on it unless it has been paid or lost. It is said that Chouteau has paid it. But Chouteau was paying his own debt, not Sweeney's, and besides, it could not amount to a *payment* in law, unless made with the privity or consent of Sweeney.

*Leslie & Barrets* and *Lord*, for respondent.    1. As between Labeaume and Sweeney, there was no agreement for contribution in the bond, and none is implied by law.    Contribution can only be enforced in cases of joint *indebtedness*, and there was no indebtedness, in the strict sense of the term, created by the execution of this bond.    2. Sweeney was only a formal principal in the bond; in fact, he was security.    Therefore, the payment by Labeaume created no *assumpsit* against Sweeney, and he had nothing to assign.    3. Labeaume testifies that he had no recourse on Sweeney, and that he told Chouteau so, at the time of the assignment.    4. An assignment is of no legal effect unless there is not only an assignable interest, but a clear intention to create some pecuniary interest for the benefit of the assignee.    5. The indemnification to Labeaume was in law an indemnification to Sweeney. Labeaume, having been reimbursed by Chouteau, has nothing to complain of against Sweeney.

SCOTT, Judge, delivered the opinion of the court.

This was an action of assumpsit by attachment begun in the St. Louis Court of Common Pleas, by the appellant against the respondent, in which there was a judgment for the respondent.    It appears that a suit by attachment was instituted against Henry L. Kinney.´    The process in this action was levied on a steamboat called the Frontier.    In order to release the boat from the attachment, Hugh J. Sweeney, the respondent, as principal, and Theodore Labeaume, as his security, entered into the usual bond to the sheriff.    The boat not having been delivered pursuant to the condition of the bond, suit was brought upon it, and a judgment was recovered against Sweeney and Labeaume.    This judgment was satisfied by Labeaume.    After the execution of the bond by Sweeney and Labeaume, the Frontier made a trip and returned to St. Louis, having changed owners.    Labeaume went to the owners and informed them that the boat should not be removed, unless he

was indemnified against the liability incurred by reason of his having become surety in the attachment bond. Henry Chouteau then agreed to indemnify Labeaume, and executed his obligation accordingly. In pursuance to this undertaking, Chouteau paid the money to Labeaume, which he had been compelled to pay by reason of his suretyship in the bond executed by him together with Sweeney, and took an assignment, in writing, of the claim of Labeaume against Sweeney. This suit is brought to recover the money thus paid by Chouteau.

Theodore Labeaume was introduced as a witness without objection, and testified that, at the time of the beginning of the suit against Kinney, Sweeney was master of the boat, Frontier, and confirmed the statement above made, in relation to the manner in which Chouteau became interested in this transaction ; that he acted for himself and Sweeney, who had no interest in the boat, so far as he knew. He did not know the motives which induced Chouteau to indemnify him. The boat dealt with Chouteau after this ; previously she had dealt with the witness. There was no agreement between witness and Sweeney, at the time they entered into the attachment bond. Chouteau took a bond of indemnity against the liability incurred by indemnifying Labeaume. A bond of indemnity was prepared by Chouteau for witness, which witness would not receive, but wrote one himself, which was executed by Chouteau. He always thought that both of these bonds were an indemnity to Sweeney, as well as to himself. Chouteau refused to pay witness his indemnity, unless he would assign to him his recourse against Sweeney. Witness told Chouteau he did not claim any thing of Sweeney, and thought he had no recourse against him, but Chouteau insisting, he, to avoid a law suit, made the assignment to Chouteau, telling him, at the same time, that he did not believe that he had any recourse against Sweeney. Witness was impressed with the belief that the bond of indemnity executed by Chouteau, was for Sweeney's benefit as well as his own, but upon examining it, found that it did not indemnify Sweeney.

L. A. Labeaume saw the bond of indemnity prepared by Chouteau for his brother, which he refused, and was strongly impressed with the belief that it contained the name of Sweeney as one of the indemnified.

1. On the facts of this case, the proposition cannot be maintained that there was no relation between Labeaume and Sweeney which created a liability against the one, for the benefit of the other, in the event of his paying the entire joint debt. The rule is, that there is no contribution among wrong doers, but in matters of contract, wherever there is a joint undertaking as principals or sureties, there is a promise for contribution raised by implication of law, in favor of him who pays the entire debt against his joint obligor. So, if Labeaume and Sweeney were mere joint sureties, and one paid the entire debt, he would be entitled to contribution for one half of it against the other, should the principal be unable to pay.

2. The only difficulty in this case arises from the testimony of Labeaume; but this difficulty is more apparent than real. We must presume that Chouteau, when he indemnified Labeaume, was aware of the position he occupied in relation to the transaction. The assignment he received from Labeaume is made to recite the fact, that he (Labeaume) became security for Sweeney. Then Chouteau was justified in looking at the face of the bond, in order to ascertain the nature of the liability he incurred in indemnifying Labeaume. Now, could parol evidence vary the face of the instrument, it is evident that the declarations of Labeaume are mere opinions as to the law. He says he told Chouteau that he had no recourse against Sweeney. In that he was evidently mistaken, for, having paid the entire debt, whether he and Sweeney were principals or sureties, he was entitled to contribution from Sweeney. He could make him pay one half of the debt. The bond, on the face of it, shows that Sweeney was principal and Labeaume the surety. There is no intimation that there was any fraud in obtaining the indemnity from Chouteau, which led to the omis-

11—VOL. XVII.

sion of the name of Sweeney. Labeaume, who now seems to be anxious to exonerate Sweeney from liability, drew the bond himself, after having refused one offered by Chouteau. As Sweeney's name is not mentioned in this bond, it would seem that, at the time of taking the indemnity, there was no thought of relieving Sweeney from the consequences of his undertaking. So, this concern for Sweeney only arises after he has received the entire indemnity from Chouteau, and, conscious of his own security, he is willing to relieve Sweeney, if he can, by lip service. Viewing the transaction in the light in which he did, it would have appeared much better, if he had only taken from Chouteau one half of the debt due on the attachment bond. In the case of *Sluby* v. *Champlin*, 4 J. R. 461, it was held that, if a person becomes surety for another as importer of goods, but a third person is the real owner of the goods, and the surety pays the bond, he may maintain assumpsit against his co-obligor. In *Tom* v. *Goodrich*, 2 J. R. 221, Judge Kent says, " we can only look to the principal and surety in the bond and to the obligations resulting from that relation."

3. The liability of Sweeney being established, as he does not pretend to have paid the debt, he cannot object that Labeaume has no interest in this suit. Where an action is brought in the name of an assignor by the assignee or person beneficially interested, the defendant cannot avail himself of the plaintiff's want of interest. *Raymond* v. *Johnson*, 11 J. R. 487.

The other Judges concurring, the judgment will be reversed and the cause remanded.