VAN PETTEN, *Plaintiff in Error*, v. RICHARDSON.

**Contribution between Co-debtors.** The doctrine of contribution is the result of general equity based on the ground of equality of burden and benefit, is equally applicable between principals as between sureties, and has been adopted as a rule of common law in this State. A debtor, therefore, may recover from his co-debtor, in an action at law, whatever he has been compelled to pay in excess of his due proportion, not only of the original demand, but of all costs necessarily incident thereto; and in determining this proportion, regard will be had only to the co-debtors who are solvent.

*Error to Pettis Circuit Court.*—HON. WM. T. WOOD, Judge.

This action was brought before a justice of the peace by the plaintiff, to recover of defendant one-sixth of the costs of a judgment, obtained against plaintiff and defendant and five others, one of whom was insolvent; which costs the plaintiff alleged he was compelled to pay, and did pay by a sale of his property under execution. On appeal to the circuit court judgment was rendered for the defendant.

*E. J. Smith* for plaintiff in error.

It will not be denied that as between co-defendants they are liable to each other for contributions each for his aliquot part, dividing the whole by the whole number of defendants. Neither will it be denied that in equity any one who is insolvent may be left out and contribution made among the others, each sharing alike. The only question is which rule governs in this case. We say the equity rule. Because in this State we have blended law and equity and abolished the distinction, and while justices' courts are courts of statutory creation and jurisdiction, yet they are *ex necessitate* courts of equity jurisdiction in some cases. The rule of equity as to leaving out insolvents and apportioning among others is the rule of law in Vermont. *Mills v. Hyde*, 19 Vt. 59. It is also the rule in New Hampshire. *Henderson v. McDuffee*, 5 N. H. 38.

*Snoddy & Short* and *L. L. Bridges* for defendant in error.

The justice of the peace had no jurisdiction, and consequently the circuit court could exercise none. At law, where one of several co-debtors becomes insolvent, the one paying cannot recover of another more than the share for which he was originally liable; for further relief he must resort to equity. *Brown v. Lee*, 6 B. & C. 689, 697; *Chaffee v. Jones*, 19 Pick. 260; *Cowell v. Edward*, 2 Bos. & Pull. 268; *Deering v. Lord Winchelsea*, 2 Bos. & Pull. 270; 8 Am. Law Reg., 455; Fell's Law of Guar. and Sur., p. 280; *Peters v. Rich*, 1 Ch. R. 34; *Hole v. Harrison*, 1 Ch. R. 240. This doctrine applies to co-debtors as well as to co-sureties. 8 Am. Law. Reg., 455. Will it be contended that a justice of the peace has equity jurisdiction? *Ridgly v. Stillwell*, 28 Mo. 400.

SHERWOOD C. J.—It was at first denied in the courts of common law, that any right to contribution could be maintained as between co-sureties or co-promisors. Fell's Law of Guaranty and Suretyship, 295, and cases cited. Courts of equity, however, have from a remote period compelled contribution in such cases. 1 Story Eq. Jur., § 493, and cases cited. The principle on which such right is based, is said to be this, that all who are in *equali jure*, must bear the burden equally, and that this is but in conformity to the maxim that " equality is equity." *Norton v. Coons*, 3 Denio 130; *Moore v. Moore*, 4 Hawks 358. It is elsewhere said that the doctrine of contribution does not ' stand upon any notion of mutual contract, express or implied, between the sureties to indemnify each other in proportion (as has been sometimes urged); but it arises from principles of equity, independent of contract." 1 Story Eq. Jur., § 493, and cases cited. Courts of law have long since adopted the doctrine of contribution, and now allow actions of *assumpsit* or *indebitatus assumpsit* to be maintained by one co-surety or

co-debtor, for any excess of the common indebtedness which he may have discharged over his proportionate share. 3 Denio., *supra; Kemp v. Finden*, 12 Mees. & Welsb. 421; *Morrison v. Poyntz*, 7 Dana 307; *Bachelder v. Fiske*, 17 Mass. 464; *Mason v. Lord*, 20 Pick. 447; Fell's Law of Guaranty and Suretyship, 297.

Courts of law, however, although they borrowed their jurisdiction in regard to contribution from courts of equity, and enforced their newly acquired jurisdiction in accordance with common law forms of action, still felt themselves so hampered in the exercise of their newly found powers, that they refused to allow a surety who paid a debt to recover from his co-surety more than his aliquot or proportional part of the payment thus made; and this was the sole measure of recovery, notwithstanding the insolvency of one or more of the sureties. 1 White's Lead. Cases in Eq., p. 123, and cases cited. In equity, the rule was far different; there the recovery, in case of insolvency, was apportioned among all the solvent sureties. 1 Story Eq. Jur., § 496, and cases cited. It would seem quite obvious that courts of law, in adopting the views of equity relative to contribution, should have done so, in their fullest extent, and consequently, when they allowed a recovery based on an equitable right, they should have made that recovery as broad as the right in which it had its origin, and, therefore, should have afforded a relief as large as could have been afforded, had that relief been sought in that *forum* which first gave recognition to the right. Mr. Justice Redfield, after adverting to the fact that some of the American courts of law now follow the equitable rule as to apportioning the share of an insolvent surety, among those remaining solvent, says: "The distinction in the extent of redress between a court of law and a court of equity, in cases where some of the sureties are insolvent, is certainly not based upon any very obvious principle affecting the different jurisdictions. It has more the appearance of an arbitrary rule, and as such may be expected to

gradually disappear in the same way most of its kindred
have already done." 1 Story Eq. Jur., § 496 a. And the
current of modern authority is in accordance with the
views indicated by Mr. Justice Redfield. White's Lead.
Cases in Eq., p. 122 *et seq; Harris v. Ferguson,* 2 Bailey
397; *Mills v. Hyde,* 19 Vt. 60 ; *Strong v. Mitchell,* Id. 644.
But whatever views may be entertained elsewhere as to
the measure of redress which a court of law can afford to
a surety suing his co-surety, the matter has been put at
rest in our own State. In *Dodd v. Winn,* 27 Mo. 501, it
was held, under the eighth section of the act respecting
sureties, (2 Wag. Stat., 1304,) that if a surety pays more
than his due proportion of the original demand, and one of
the sureties is insolvent, he may recover in an action at law,
in the same manner as under like circumstances in equity,
and that the meaning of the words " *his due proportion,*"
is to be gathered from and governed by the particulars of
each case. It will be thus seen that we have adopted in
this State the equitable rule as to the measure of recovery
in actions like the present. That equitable rule embraces
within its purview co-promisors or co-debtors as well as
co-sureties, and for like reasons, as above stated; for the
doctrine of contribution is the result of general equity, on
the ground of equality of burden and benefit, and is
equally so among principals as among sureties. 1 Madd.
Chancery, 235, 236, and note 2; *Fletcher v. Grover,* 11 N.
H. 369 ; *Boardman v. Paige,* Id. 432 ; Am. Law Reg., vol.
8 (N. S.) p. 455. And the same equitable principle, that
of equality of burden, will allow a debtor to recover from
his co-debtor whatever the former may have paid in excess
of " his due proportion," not only of the original demand,
but of all costs, &c., necessarily incident thereto. 1 White's
Lead. Cases in Eq., p. 121; *Wynn v. Brooke,* 5 Rawle 106;
*Hayden v. Cabot,* 17 Mass. 169; *Cleveland v. Covington,* 3
Strobhart 184. Holding these views, we regard the cause
as having been tried on an erroneous theory, and, there-

fore, reverse the judgment and remand the cause. All concur.

REVERSED.