JEFFRIES v. FERGUSON, Administrator, Appellant.

87  244
56a 281
87  244
70a 124

Contribution: PROBATE COURT. Courts of law have adopted the equitable doctrine of contribution, and relief will be awarded in the probate court to one surety who has paid more than his proportionate share of the debt.

Appeal from Franklin Circuit Court.—D. Q. GALE, ESQ., Special Judge.

Jeffries v. Ferguson.

AFFIRMED.

*T. A. Lowe* for appellant.

*Crews & Booth* for respondent.

BLACK, J.—C. S. Jeffries and James N. Inge were sureties on a note given by Chas. R. Jeffries to one Roberts. Before and after judgment on the note, C. S. Jeffries paid off the debt, and then presented his demand to the probate court, asking to have the one-half of the amount so paid, first deducting the proceeds of certain securities, allowed against the estate of Inge, the co-surety. The contention that the plaintiff could only sue in a court having full and complete equity jurisdiction is not well taken. Courts of law have adopted the equitable doctrine of contribution, and award relief to one surety who has paid more than his share. The surety paying the debt may have his action at law against the other surety for any excess which he has paid over his proportionate share. *Van Petten v. Richardson*, 68 Mo. 380. The plaintiff's demand was allowed by the probate court, and he again recovered in the circuit court, to which the case was appealed. We have examined the evidence and are satisfied the estate received all credits to which it was entitled.

The judgment is affirmed. All concur.