B. G. WILKERSON, Administrator, Plaintiff, v. F. A. SAMPSON *et al.*, Respondents; J. C. THOMPSON, Appellant.

Kansas City Court of Appeals, November 6, 1893 and January 29, 1894.

1. **Principal and Surety**: RECOVERY ON MOTION: CONFINED TO AMOUNT OF JUDGMENT. Under the statute relating to sureties and their discharge, a surety, in order to recover a summary judgment, on motion, against his principal or co-surety for an excess paid by him, must have had judgment rendered against him, and on such motion he can only recover an excess paid on such judgment, and any amounts he may have paid before judgment cannot be considered.

2. ———: CONTRIBUTION: LAW COURTS. Courts of law have adopted the doctrine of contribution and allow action therefor.

3. ———: ———: MOTION UNDER STATUTE: COMMON LAW: INTEREST. Though a motion for judgment against a co-surety may not come under the statute on account of the surety's asking relief for payments on the common debt made prior to the judgment, yet if it states all that is essential in an action of *assumpsit*, and, if there is an appearance, without objection to the process or service, the proceeding should be treated as a civil action. In such proceeding, however, interest can only be allowed at six, and not ten, per cent.

4. **Trial Practice**: AMENDMENT. On the facts in this case there does appear to be an abuse of the discretion of the trial court in refusing permission to amend the answer.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED *(with directions)*.

*Jackson & Montgomery* for appellant.

(1) Respondent cannot recover by motion under sections 8351, 8352, Revised Statutes, 1889. The statute does not confer upon a surety seeking to recover

from his cosurety his proportion of the debt, the remedy by motion. The right given by section 8349 applies solely to the penalty of interest given and fixes the proportion to be recovered. (2) This motion seeks to recover for payments made upon the note before suit was brought by the original holder thereof, and for which no judgment was rendered. The statute, section 8351, only covers the amount for which judgment may have been rendered by the court in favor of the holder of the note against the two sureties. *Skrankle 'v. Rohan*, 18 Mo. App. 343; *State to use v. Darby*, 11 Mo. App. 529; *Schlicker v. Gordon*, 74 Mo. 555. (3) The court erred in not permitting the defendant to file his amended answer to conform to the facts proved, and allow him a credit for the $700 which plaintiff received of his money, and did not credit on the demand sought to be collected by this action.

*E. S. Smith* for respondent.

(1) Sections 8347, 8349 and 8351, Revised Statutes, 1889, do confer the right on one surety to recover by motion against his cosurety. Whether this be true or not, this point cannot be raised in this court for the first time, as is attempted by appellant herein. He should have moved to dismiss in the lower court. By answering and going to trial he has waived this. (2) We can see no reason why, where there is no question of the payment by one of money on the note before suit and after the judgment, too, as here, that he may not recover the whole on the motion and thus avoid two suits. Thompson seems to have taken that view; for, instead of moving to strike that out, he answered, admitting it, went to trial on other issues tendered by himself. He cannot raise that point now. (3) Besides, as to all of the foregoing we say, by the answer

and pleadings in this case, it lost its character of a proceeding by motion and became simply a suit between two parties to try the issues made by the pleadings. All have so regarded it up to now, including Thompson, the referee and the court. It is too late now to raise any such points. (4) There was no error in refusing leave to file an amended answer on the hearing of the motion for judgment on the report of the referee. The report is the same as a verdict and the amended answer changed materially the defense and could not be filed after verdict. Revised Statutes, 1889, sec. 2098; *Bank v. Miller*, 73 Mo. 187; *Kennard v. Peck*, 19 Mo. App. 342; *Goetz v. Peel*, 26 Mo. App. 634. Besides, there being no exceptions to the report, there was nothing for the court to do but render judgment on the report. If defendant objects, he must file exceptions to the report. Revised Statutes, 1889, secs. 2154, 2155.

SMITH, P. J.—The plaintiff filed a motion in the circuit court of Pettis county, wherein he alleged that the Smith Manufacturing Company, a corporation, with plaintiff and defendant as sureties thereon, made a certain promissory note whereby it promised to pay Georger R. Smith $1,200 with ten per cent. interest from date; that the manufacturing company paid the sum of $550 on said note; that on the seventeenth day of July, 1883, the plaintiff paid $353.19 on said note; that afterwards judgment was rendered on said note for the balance due thereon in favor of the administrator of said Smith against plaintiff and defendant; that on December 28, 1885, the plaintiff paid off said judgment which then amounted to $943.92.

It was further alleged that plaintiff had been compelled to pay more than his proportion or share of said demand and, therefore, he moved the court for judgment in his favor against defendant for such

amount as would make an amount equal to one-half of what he had paid with interest, and one-half of the cost that had been by him paid, and for other proper relief. The defendant acknowledged service of "a copy of the petition accompanied by notice," etc.

The defendant later on filed an answer, wherein it was admitted that he had signed the said note as cosurety of the plaintiff. And by way of special defense the answer alleged a parol agreement made between the plaintiff and defendant, whereby the plaintiff agreed to hold defendant harmless on the said note and other notes of the said manufacturing company on which the defendant was surety, in consideration that the defendant would give up his rights as stockholder in said manufacturing company, etc.

The replication denied the new matter set up in the answer. The case was referred to Charles E. Yeater, Esq., to hear and decide the whole issue involved. The referee made his report, finding the issues for the plaintiff. No exception was filed to the report. The court entered judgment on the report for the plaintiff for $1,084. The defendant, after unsuccessful motions to set aside and in arrest of the judgment, brings the case here by appeal.

The defendant objects that the plaintiff was not entitled to recover under the provisions of sections 8349, 8351, 8352, Revised Statutes, and we think this objection is well taken. It is provided in said section 8349, that, in cases where there are two or more sureties in any bond, bill or note and one of them has paid in money or property more than his due proportion of the original demand, such surety may recover such excess as provided for a surety against a principal.

In section 8351 it is provided that, when a judgment is given in any court upon any bond, bill or note for the payment of money or the delivery of property

against the principal debtor and any surety thereon, and such surety shall pay the judgment or any part thereof, he shall be entitled, upon motion, to a judgment in the same court against the principal debtor for the amount he has paid with ten per cent. interest thereon from the time of payment.

It thus obviously appears that the summary remedy provided by these statutory provisions to compel contribution by one surety against another cannot be invoked, except in cases where there has been a judgment rendered against the one who has paid more than his due proportion of the original demand. It is alleged in the motion that the first payment which the plaintiff made on said note was before there had been a judgment recovered thereon. This amount for this reason is not recoverable by motion under the statue.

It appears from the amount of the judgment of the court, upon the report of the referee, that the plaintiff was allowed to recover interest on the amount paid by him at the rate of ten per cent. per annum from the date of such payment.. Such interest can be allowed only in those cases where the summary proceeding by the surety against his cosureties is authorized by the sections of the statute already referred to. But it does not follow that because said proceeding is not grounded upon the statute that the judgment must be entirely overthrown. The statute is but declaratory of a well recognized rule of legal liability and gives a speedy remedy only to a surety who has paid a judgment given on a bond, bill or note against the principal.

Courts of law have adopted the doctrine of contribution and now allow actions of *indebitatus assumpsit* to be maintained by one cosurety for an excess of the common indebtedness which he may have discharged

over his proportionate share. *Van Petten v. Richardson*, 68 Mo. 379; *Jeffries v. Ferguson*, 87 Mo. 244.

The law conferred upon the circuit court jurisdiction of the subject-matter of the action. The motion states all that is essential in an action of *assumpsit*. It is true that the motion, notice and service thereof, is not that which is required by the statute in order to commence an ordinary civil action. But the defendant appeared in the action and filed his answer without making any objection to the process or the manner and time of service thereof, which must be construed as an admission by him that he was subject to the jurisdiction of the court in the case, and as a waiver of all previous defects in the process and the manner of its service. *Griffin v. Samuel*, 6 Mo. 52; *Peters v. Railroad*, 59 Mo. 406; *Griffin v. Van Meter*, 53 Mo. 430; *Boulware v. Railroad*, 79 Mo. 494; *Kronski v. Railroad*, 77 Mo. 362, and cases there cited; McQuillan's Pled. & Prac., sec. 331.

It follows from these considerations, that the case must be treated in all respects as a civil action which has been regularly commenced in the manner required by the practice act. But, while this is so, the plaintiff in such action, was only entitled to recover on the amount which he had paid in excess of his proportion of the debt, interest at the rate of six per cent. instead of ten per cent., the latter of which rates was by the court allowed, as appears by its judgment.

The defendant's further contention is, that the trial court erred in refusing him permission to file an amended answer after the report of the referee was filed. In looking at the answer and the proof, we do not discover that any of the testimony, as taken by the referee, sustains in the least the allegation of the new matter set forth in the amendment, or, if so, not sufficiently to justify us in condemning the action of the

court, and especially so since the facts alleged in the amendment were undoubtedly known to defendant when his original answer was filed and which changes his defense. We do not think there is shown such an abuse of the exercise of the discretion of the trial court in its refusing to the defendant permission to file his amendment, as would authorize any interference by us. Revised Statutes, sec. 2098; *Singer Mfg. Co. v. Givens*, 35 Mo. App. 602; *Ensworth v. Barton*, 67 Mo. 622; *Chauvin v. Lownes*, 23 Mo. 227; *Carr v. Moss*, 87 Mo. 447.

For the error already indicated, the judgment will be reversed and the cause remanded with directions to the circuit court to enter judgment on the report of the referee for the one-half of the several amounts alleged in plaintiff's motion to have been paid in satisfaction of the George R. Smith note, with interest thereon at the rate of six per cent. per annum from the date thereof; the judgment also, of course, to bear six per cent. per annum from its rendition. All concur.