FINLEY R. HANNA, Appellant, v. CHRISTOPHER C. HYATT, Respondent.

Kansas City Court of Appeals, November 9, 1896.

1. **Contribution**: LAW AND EQUITY. Though the doctrine of contribution had its origin in courts of equity, it is in this state, as well as in courts generally, an action of law to be treated and determined as such.

2. **Sales**: PARTNERSHIP: CONSTRUCTION. A contract of sale from one partner to another, set out in the opinion, is construed and it is *held* that the retiring partner was absolved from all contribution and liabilities of the firm.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*James F. Pitt* for appellant.

(1) The real defense here is that by the terms of the dissolution paper plaintiff assumed the payment of the two notes given for deferred payments, upon which the deficiency judgment paid by plaintiff was rendered; but the pleader recognized that unless plaintiff got the lots by the paper, it would not carry the liability. Including the bare fact that these two men used partnership funds to make their first cash payment, there is no legitimate or uncontradicted evidence in the case, that they ever intended the lots to belong to the coal business. Besides, defendant to maintain his defense must at least make out a case that would entitle plaintiff to specific performance. There is no such proof. Under no circumstances is the testimony in this case sufficient to change real estate into personalty. *Thompson v..Holden*, 117 Mo. 119. (2) Assuming that the real estate was partnership property, still the dismissal was wrong. It was evidently based upon the proposition that in this transaction, this real estate was to be considered personalty, and was therefore passed by the dissolution paper. The doctrine of equitable conversion has no existence except where creditors are concerned. When their equitable claims, including such claims of one of the firm upon the estate, are adjusted, the reason for considering realty to be personalty is at an end. *Riddle v. Whitehill*, 135 U. S. 635. (3) Moreover this doctrine is a prerogative of a court of equity alone. It has no place where partners are negotiating one for the interest of the other. They deal with the property as realty or personalty, as the case in fact may be, and must execute appropriate instruments. *Young v. Thrasher*, 115 Mo. 232; *Appeal of the Second Nat. Bank*, 83 Pa. St. 203.

*R. A. Brown* and *Stauber & Crandall* for respondent.

(1) In actions of law before the court, the appellate court will not review the finding of the trial court on questions of fact when there is evidence to support such finding. *Jungeman v. The Joseph Schnaider Co.*, 38 Mo. App. 465; *Warren v. Maloney*, 39 Mo. App. 295; *Gaines v. Fender*, 82 Mo. 497; *Querbach v. Arnold*, 63 Mo. App. 637; *Griffith v. Material Co.*, 46 Mo. App. 539.    (2) If these lots were bought with partnership funds, for the benefit of the firm, it will be considered partnership property although title was taken as tenant in common. *Duhring v. Duhring*, 20 Mo. 174; *Willet v. Brown*, 65 Mo. 138. The deed to the individuals constituting the firm was only *prima facie* evidence of how it was held, and parol testimony is admissible to show the facts. *Allen v. Logan*, 96 Mo. 601; *McKinnen v. McKinnen*, 5 C. C. A. 530 (Mo. case). This is in accordance with the well settled doctrine in Missouri that parol testimony can be introduced to show that a deed absolute on its face is conditional. *Cobb v. Day*, 106 Mo. 278. And this is an action between the partners. Cases above cited. (3) This is a case of one partner selling out to his copartner and the property delivered by the selling partner and accepted by the buying partner, and the contract executed by both parties. If Hyatt had failed or refused to carry out any part of his contract, Hanna could have enforced his rights either in a court of law or equity as the facts justified. *Baker v. Robinson*, 55 Mo. App. 171; 5 C. C. A., *supra*.

GILL, J.—The parties to this action, Hanna and Hyatt, were for several years prior to April 27, 1891, engaged in the coal business under the partnership name of St. Joseph Coal Company. During the co-

partnership they purchased from the St. Joseph Land Company two lots located in the vicinity of other lands of the latter company, whereon it was designed to erect a nail mill. They paid the land company at the execution of the deed one third the purchase price in cash, and in their individual names executed notes and a deed of trust to secure the balance. This money was paid out of the funds belonging to the partnership, the coal company, and the property was apparently treated and regarded as partnership assets. In 1890 Hanna and Hyatt became dissatisfied with the purchase of the lots; and, under a claim that they had been defrauded by the land company in that the nail mill was not erected as it was agreed, they brought a suit in equity to set aside the sale, to cancel their notes, have a return of the cash payment they had made, and tendered back a deed to the property.

While this action was pending, the following written proposition was made and accepted: ·

"St. Joseph, Mo., April 27, 1891.

"I will give or take sixty-five hundred dollars for one half interest (being one partner's full share) of the St. Joseph Coal Company, including all stock, bonds, goods, choses in action, leases, chattels, interests, and moneys, whether in bank or in land, or freights belonging to said St. Joseph Coal Company, to be paid as follows: Three thousand dollars cash in hand, and the balance in two payments as follows: Two thousand dollars on or before July 1, 1891, and fifteen hundred on or before first September, 1891; the last two payments to be secured by promissory notes of the respective amounts of $2,000 and $1,500 at 6 per cent from date, and shall be a lien on the property sold until paid. Said notes may be paid at any time prior to the said first of July and first of September, at the

option of the purchaser. The business and property to be turned over to the purchaser untrammeled and unquestioned in all particulars, just as it is, unfinished and unsettled. The purchaser to assume all debts or liabilities, and to collect and appropriate all claims and accounts or notes due said firm.

"F. R. HANNA.

"In accordance with the above proposition, I will sell to F. R. Hanna.

"C. C. HYATT."

After this proposition had been made and accepted the defendant Hyatt had nothing further to do with the business of the coal company, but the plaintiff managed and controlled its affairs as sole owner. He prosecuted the suit begun by himself and Hyatt without suggestion or aid from the latter. That suit was tried about two years after the dissolution of the coal company partnership, and the land company not only defeated the action for the recovery back of the cash paid on the lots, but secured a further judgment foreclosing its lien for the balance of the purchase money, the court entering judgment against both Hanna and Hyatt for the balance due on the lots and directing sale thereof. The lots were sold under execution, but the sale failed to realize enough to satisfy the entire judgment by about $1,250, which the plaintiff paid and then brought this suit against defendant for half said amount as well as half of all costs, attorneys' fees, and taxes paid on account of the property after dissolution of the partnership in April, 1891.

Hyatt defended the action on the ground that, when Hanna bought his interest in the coal company the latter agreed to and took the lots as other assets, together with the suit and claim against the land company, and assumed all liabilities attached thereto.

The issues were tried before the court, jury being waived, and resulted in a finding and judgment for defendant, and plaintiff appealed.

Plaintiff's counsel seems now to contend that this is a suit in equity, and that we should treat it as such, though it was tried in the circuit court as an action at law. This, however, is a matter of little consequence, since in our opinion the judgment was for the right party and must be affirmed. The contention that a suit for contribution is necessarily of equitable jurisdiction is erroneous. It is true that the doctrine had its origin in courts of equity, but it has long ago, in this state as well as in the courts generally, been considered an action at law, and to be tried and determined as such. *Van Petten v. Richardson*, 68 Mo. 379; *Wilkerson v. Sampson*, 56 Mo. App. 276.

As indicative of the theory upon which the case was tried and determined, the court of its own motion gave this instruction:

"The court declares the law to be that if the plaintiff and defendant were in partnership, doing business under the firm name of St. Joseph Coal Company, and purchased the lots referred to in evidence as the nail mill lots, and made the partial payment referred to in evidence with moneys belonging to said firm, and intended said lots to belong to said firm and business as partnership property, and afterward brought the suit mentioned in evidence to recover the money paid on said lots and tendered with said suit a deed to said lots, and that before said suit was tried or determined the plaintiff purchased all the interest of the defendant in said partnership, including the interest, rights, and liabilities of the defendant in the suit on the property therein involved, and that thereafter the plaintiff continued to prosecute the said suit on his own behalf, and that upon final hearing of said cause the claim for said

part of said purchase money aforesaid was decided against plaintiff, and judgment rendered against plaintiff and defendant for the balance of said purchase money, and the deed of trust foreclosed and property sold, and that plaintiff afterward paid the balance of said judgment and all the costs and expenses of said suit, including attorney's fees, and that this suit is to recover one half of said judgment and expenses, then the plaintiff can not recover."

This is a correct declaration of the law as applicable to the case. And since there was abundant evidence to sustain the court's finding, the judgment must be affirmed. All concur.