INTERNATIONAL BANK OF ST. LOUIS, Respondent, v. ANDREW J. NAUGHTON et al., Defendants; WILBUR F. PARKER et al., Appellants.

### St. Louis Court of Appeals, March 26, 1901.

Note: ERASURE OF SIGNATURES ON NOTE, EFFECT OF. In the case at bar, the change in the contract evidenced by the note and the signatures on the back thereof of seven persons, by the erasures of the name of one of them, and without the knowledge or consent of the others, while the note was in the possession of the payee, was such an alteration as avoided the liability of the unconsenting parties to the contract under the established rule in this State.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty*, Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This suit, begun before a justice and subsequently tried in the circuit court, was for a balance of $215.95 upon a note

dated November 6, 1896, payable on demand, executed by the Red Cross Building & Loan Association, in favor of plaintiff, for the sum of twenty-four hundred dollars, on the back of which, and prior to its delivery to the payee, were written the following names: "J. W. Bergfield, A. J. Naughton, T. C. Hamilton, Wilbur F. Parker, Geo. F. Bergfield, John A. Meyer, Julius C. Garrell."

The answers filed by the two defendants were special pleas of *non est factum,* alleging that the name of Julius C. Garrell, whose name was affixed to the back of said note at the same time the defendants signed the same, had been scratched therefrom without their consent, wherefore, they denied that the contract sued upon was the one executed by them. It was conceded, on the trial in the circuit court, that the defendants and the said Garrell, and the other parties whose respective signatures were put upon the back of said note, executed such indorsement thereon simultaneously and by agreement among themselves, for the consideration for which said note was originally given. It further appeared on the trial that the name of Garrell was erased from said note by the payee therein upon an agreement with the said Garrell in consideration of his having purchased or disposed of some of the collateral held as security for the payment of the note, that he should be discharged from further liability thereon. That this contract between the payee and said Garrell and the subsequent erasure of his name from the back of said note, were had and done while the note was in the possession of the said payee, and without the knowledge or consent of either of the defendants.

The case was submitted to the court without a jury. The defendants requested the following declaration of law, which the court refused, to which ruling they saved exceptions, namely: "If the court, sitting as a jury, finds from the evidence that the names of the defendants George F. Bergfield and

W. F. Parker and the name of Julius C. Garrell, were upon the back of the note in suit prior to the time of delivery, either as joint makers or as sureties, and it further finds that the pen marks drawn through the name of the said Julius C. Garrell were so drawn after delivery of the note to plaintiff while it was in its possession as payee, and by plaintiff's authority or consent, or, if not with its authority or consent that it afterwards ratified the drawing of such marks through the name of the said Garrell, then if the court further finds that the pen marks so drawn were drawn without the consent or authority of the defendants, Geo. F. Bergfield and W. F. Parker, and that they never ratified such acts, then the court's finding must be in favor of the defendants."

The court rendered a verdict and judgment against defendants for the balance due on said note, from which they appealed.

*Richard A. Jones* and *Bernard F. Hufft* for appellants.

(1) An alteration of a written instrument in the slightest particular, whether material or immaterial, by the payee after delivery, however innocently made, vitiates it as to parties not consenting. Moore v. Hutchinson, 69 Mo. 430; Haskell v. Champion, 30 Mo. 138; Thomson v. Garth, 60 Mo. 449; German Bank v. Dunn, 62 Mo. 79; Capitol Bank v. Armstrong, 62 Mo. 59. (2) And this is true even though the alteration conforms the instrument to the contract of the parties, or is of benefit to the party complaining, if done without his consent. Evans v. Foreman, 60 Mo. 449; German Bank v. Dunn, 62 Mo. 79; Morrison v. Garth, 78 Mo. 434.

*Byron E. S. Woodward* for respondent.

(1)   The cancellation of Garrell's name did not affect the right of appellants to have contribution.   R. S. 1899, sec. 897. (2)   Hence, appellants were disinterested parties and their consent was not necessary.   An erasure, under such circumstances, is not an alteration.   Broughton v. West, 8 Ga. 238; 2 Daniel Neg. Inst. (4 Ed.), sec. 1390, p. 414; Tutt v. Thornton, 57 Texas 35; Huntington & McIntyre v. Finch, 3 Ohio St. 445.   (3) Furthermore, the contracts of the makers of this note were several as well as joint under the laws of this State, and the release of Garrell and cancellation of his signature simply cut out his contract, leaving the several contracts of the other makers intact as originally made.   This, is an entirely different proposition from that presented, where a change in the body or subject-matter of the contract was made.   Such latter change would alter each and all of the contracts, joint and several.   A note may be void as a joint note, but valid as a several note.   1 Daniel Neg. Inst., sec. 94, p. 118.

BOND, J.—The change in the contract evidenced by the note and the signatures on the back thereof of seven persons, by the erasure of the name of one of them and without knowledge or consent of the others, while the note was in the possession of the payee, was such an alteration as avoided the liability of unconsenting parties to the contract under the established rule in this State. Morrison v. Garth, 78 Mo. 434; Allen v. Dorman, 57 Mo. App. 288; Briggs v. Glenn, 7 Mo. 573.   It is insisted, however, by the learned counsel for respondent, that the principle upon which the foregoing rule is based, has no application to the facts of this record, since it was competent for the payee of the note to have compounded with one of the debtors thereon without releasing the others whose rights of contribution against the party released would be unaffected by his composition with

the payee of the note. R. S. 1899, sec. 897. It is true, the rights of the unreleased parties to the note to enforce contribution for any payment made by them, against their co-sureties or co-principals who had been released by the holder of the note, would not be cut off by such release under the saving of the express terms of the statute authorizing it, and the decisions of this State, Leeper v. Paschal, 78 Mo. App. loc. cit. 24, and cases cited; Labaum to use v. Sweeney, 17 Mo. 153; Van Petten v. Richardson, 68 Mo. 379. But the difficulty in proving the relationship of the parties would be materially increased after the destruction—by erasure—of documentary evidence afforded by the existence of the written signature of the released party to the common obligation expressed by the note. In other words, after the erasure of the name of Garrell to the present note, the defendants could only establish their right to contribution against him by matter *in pais*. Had no such erasure taken place, they would have been able to establish their community of relationship with him to the note in question by the simple exhibition of the instrument and proof of the signatures thereto. The cases in this State go to the extent that any alteration of negotiable paper which destroys the legal identity and effect, of itself releases all other unconsenting parties to the instrument. In the case at bar, the *written* evidence on the common contract made by defendants and Garrell was destroyed by the erasure of the name of Garrell by the payee, without the consent of defendants. This worked a release of them from any further liability on the note. This does not prove that the payee might not have exercised his statutory right to release Garrell from further liability on the note by making a separate and independent agreement with him to that effect. While the statute in question affords this privilege in the fullest measure, it does not permit that it shall be accomplished by the alteration, on a negotiable note, of the

contract expressed by its terms.    For that could not be done without annihilating the rules intended to secure the integrity of such instruments.    It was not the purpose of the statute to overthrow these in any respect; its sole object was to allow a common creditor, by a separate agreement, to release one of his debtors, without altering the liability of another and without impairing the right of such other to a full contribution from the released co-debtor.    Such a composition can, therefore, only be made with one of the parties to a negotiable note by a separate and independent agreement between him and the payee; for if it is attempted to be done, by a change of the terms of the note—striking out the name of the released debtor—the necessary result of such alteration is to destroy the probative force of the contract evidenced by the note; hence, necessitating the proof of such contract by other and more burdensome means than the exhibition of the writing itself.    This is not warranted either under the terms of the statute, supra, prescribing that "no such release shall impair" the right of the unreleased debtor to contribution; or under the general rule avoiding liability on a negotiable note which has been materially altered without the consent of the parties sought to be charged.

The result is that the learned trial court erred in refusing the declaration of law requested by appellants, which was substantially correct and was supported by the uncontradicted evidence adduced on the trial.    It, therefore, should have been given.    The judgment is reversed and the cause remanded, with directions to be tried in conformity to this opinion.    All concur.