A. J. SIMPSON, Respondent, v. LEON SMITH, et al., Appellants.

Kansas City Court of Appeals, May 21, 1917.

1. **CREDITORS BILL: Equity: Judgments: Subrogation.** Plaintiff obtained a judgment against defendant Lee Smith, and an execution issued thereon was returned *nulla bona.* Thereupon plaintiff brought a creditor's bill seeking to subject land owned by defendants as tenants in common to the payment of the judgment, a past due note secured by a deed of trust on said land having been paid by said Lee Smith. *Held,* that plaintiff had a right to go into a court of equity to reach the interest of Lee Smith in the land and to have the latter's lien thereon subjected to the payment of plaintiff's judgment.

2. ———: ———: **Payment by One Debtor: Burden of Proof.** When a debtor is compelled to pay in excess of his due proportion of a debt, there is an implied obligation, *ex contractu* that his co-debtors will pay their proportionate amount and the burden is upon the co-debtors to prove that they have discharged this obligation.

3. ———: **Adequate Remedy at Law.** The right of a judgment creditor to reach the lien of the judgment debtor on the interest in land of his co-tenants created by reason of said judgment debtor having paid more than his share of a note secured by a deed of trust on said land, is a substantial and valuable one and one that could not be established by a court of law, and the fact that the judgment creditor might have run garnishments against said co-tenants does not give him a complete and adequate remedy at law, for the reason that, while their rights in the land might be reached under judgments against them as garnishees, the rights of the judgment creditor would be subjected to any prior liens and all exemptions.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Paul D. Kitt* for appellant.

*S. L. Sheetz* for respondent.

BLAND, J.—The respondent having recovered a judgment in the Justice Court against appellant Lee Smith, filed a transcript thereof in the office of the circuit clerk of Livingston County and had execution issued thereon directed to the sheriff of said county. On the 4th day of January, 1915, the sheriff made a return *nulla bona* upon the execution.

Thereupon respondent brought this creditor's bill seeking to subject the land owned by the appellants to the payment of this judgment owed by defendant Lee Smith and alleged in his petition the facts as above stated; and, in addition, that defendant Lee Smith was insolvent; that said defendant was indebted to him by reason of said judgment, and alleging that the defendants were tenants in common of certain land situated in

Livingston county, Missouri; that on July 10, 1914, there was a deed of trust securing the sum of one thousand ($1,000) dollars and interest thereon; that defendant, Lee Smith, shortly thereafter had used nine hundred ($900) dollars of his own individual money to take up said note, and sought to have plaintiff's judgment declared a lien on the land, on the theory that defendants, Lee Smith's mother and sisters, were required under the doctrine of contribution to pay their proportionate share to the defendant, Lee Smith, by reason of his having taken up a joint obligation of all the tenants in common, and in clearing the porperty of the deed of trust discharged an encumbrance for the benefit of all such tenants in common.

The evidence tended to prove the facts alleged and in addition that about July 11, 1914, defendant, Lee Smith, obtained a settlement of an action he had pending against the Milwaukee Railroad and received in such settlement the sum of one thousand ($1,000) dollars and that the nine hundred ($900) dollars that he used toward discharging the deed of trust against the land was a part of this one thousand ($1,000) dollars. The evidence further shows that in order to make up the balance to take up the deed of trust the parties executed a deed of trust in the sum of two hundred and fifty ($250) dollars on the property and that for a purpose not shown the defendant, Lee Smith, further mortgaged his undivided interest in the property for the sum of two hundred and fifty ($250) dollars.

The effect of the judgment of the court below was that a judgment against the defendant, Lee Smith, in the sum of three hundred, twenty-four and 55/100 ($324.55) dollars was rendered and the land subjected to a lien in favor of plaintiff to the amount of said judgment as against the interest of defendant, Lee Smith, and as against the other defendants by ordering that their shares in the land be subjected to a lien under the judgment in proportions to the amount of money paid out for them by defendant, Lee Smith, on the note and deed of trust aforesaid; and that defendants be required to pay

on plaintiff's judgment sums of money in the proportions that the said nine hundred ($900) dollars was paid out for their benefit.

The first point raised by appellants is that plaintiff had a complete remedy at law. Appellants assign many reasons why they claim this statement to be true. The first being that the evidence does not show that the other defendants owed defendant, Lee Smith, any amount; that when Lee Smith paid $900 of his own money to discharge the mortgage on the property there is no evidence that he was not indebted to the other defendants, and in paying this amount he discharged such indebtedness, or, granting that Lee Smith was not so indebted at that time to the other defendants, there is no evidence that the other defendants have not repaid the indebtedness created by him in favor of Lee Smith by reason of having paid out of his own money $900 on said mortgage.

The evidence shows that the note secured by deed of trust was due and unpaid and the holder thereof was threatening to foreclose. The law is that when a debtor has been compelled to pay in excess of his due proportion of the debt there is an implied obligation *ex contractu* that his co-debtors will pay their proportionate amount (9 Cyc. 794; Van Petten v. Richardson, 68 Mo. 379; Lebeaume v. Sweeney, 17 Mo. 153; Hanna v. Hyatt, 67 Mo. App. 308), and as the law presumes that when such a debt is so paid the obligation is discharged for the benefit of all, the burden is upon the other defendants in this case to prove that they have paid or discharged their debt to defendant, Lee Smith. [Ryans v. Hospes, 167 Mo. 342; Ferguson & Wheeler v. Dalton, 158 Mo. 323.]

The next point raised by appellants is that there is no showing that the defendant, Lee Smith, was insolvent at the time of the filing of the creditor's bill. While Lee Smith testified that the only assets he had was his interest in this land, this is not conclusive but the showing of the *nulla bona* return of the sheriff was sufficient to sustain the bill. [Edwards & Son Brokerage Co. v.

Rosenheim, 74 Mo. App. 1. c. 625; 12 Cyc., 10 and 11; Humphreys v. Atlantic Milling Co., 98 Mo. 1. c. 548.]

The next point raised by appellants is that the plaintiff could have garnished the debt owed by the other defendants to Lee Smith as under the holding of Van Petten v. Richardson, supra, Labeaume v. Sweeney, supra, and Hanna v. Hyatt, supra, defendant, Lee Smith, having paid off the joint note of all of the defendants, was entitled to contribution from the other defendants and that this right could have been enforced in an action at law, and, therefore, as the other defendants were indebted to defendant, Lee Smith, such garnishment would have been a complete and adequate remedy at law.

While it is true that plaintiff could have proceeded at law in the manner pointed out by appellants, he would not have had an adequate and complete remedy by so doing. When the defendant, Lee Smith, took up the note secured by the deed of trust and by so doing paid on it more than his proportionate share of the debt he was subrogated to the rights of the mortgagee in the note and deed of trust to the extent his money went toward taking it up (Burrus v. Cook, 215 Mo. 496; 37 Cyc. 443) and consequently the defendant, Lee Smith, had a lien on the land to the extent of the amount he paid over and above his share of the indebtedness, and his co-tenants are bound in equity to contribute their respective proportions of the money paid on the encumbrance in that their interest in the land is charged with their proportions of the money so paid. [Mahoney v. Nevins, 190 Mo. 360; Aubuchon v. Aubuchon, 133 Mo. 1. c. 264.] The right of plaintiff to reach this lien of defendant, Lee Smith, on the land is a substantial and valuable one and it could not be established by a law court. It will not do to say that by running garnishments against the other defendants is this case judgments could be obtained against them for the amount due from them to defendant, Lee Smith, and that such proceedings would be adequate under the circumstances; for, although their rights in the land might be so reached, if they failed to pay the judgments rendered against them as garnishees, the

rights of the judgment creditor under such judgments would be, in the nature of things, subjected to any prior liens and all exemptions. Thus plaintiff might be hampered in the collection of such judgments, and even should these hindrances be overcome by plaintiff, we could not say that he would even then be left with a remedy as adequate and complete as the court below gave him. Therefore, we believe that the remedy of a multiplicity of garnishment proceedings is not full, adequate and complete.

We believe that plaintiff clearly had the right to go into a court of equity for the purpose of reaching this peculiar interest of defendant, Lee Smith, in the land and to have said Lee Smith's lien on the land subjected to the payment of plaintiff's judgment.

The judgment is affirmed.    All concur.