AUGUST KREYLING et al., Appellants, v. M. B.
O'REILLY et al., Defendants; BENJ. HORTON
et al., Respondents.

**St. Louis Court of Appeals, July 7, 1902.**

1. **Appeal: APPEAL BOND: PRACTICE, TRIAL: PRACTICE, AP-
PELLATE: COMMON LAW.** The right of appeal did not exist at
common law and is purely statutory.

2. ———: ———: ———. And the right of appeal being purely
statutory, such steps can only be taken on the appeal as are pro-
vided for by the statute.

3. ———: ———: ———: STATUTORY CONSTRUCTION. Under
the provisions of section 809, Revised Statutes 1899, the court from
which an appeal is taken may fix the amount of the appeal bond
at the time the appeal was taken.

4. ———: ———: ———: ———. And section 810, Revised Statutes
1899, authorizes any judge of the Supreme Court or any judge of
either of the Courts of Appeals, on an inspection of the record, to
grant an appeal and to fix the amount of the appeal bond.

5. ———: ———: ———. If, after an appeal has been perfected
and a supersedeas bond has been given and approved and while the
case is pending in the appellate court, it is made to appear to the
appellate court that the court or judge taking the bond committed
error in approving it, as when the bond is defective in form and
substance, or when the sureties are insufficient, the appellate court
may require a new bond as a condition to the continuation of the
supersedeas.

6. ———: ———: ———: JURISDICTION. And in the case at bar,
the appeal having been allowed by the circuit court, that court
alone is vested with the power to fix the amount of the appeal bond.

Appeal from St. Louis City Circuit Court.—*Hon.*
*Horatio D. Wood,* Judge.

MOTION TO APPROVE APPEAL BOND DENIED.

Vol 95 app—36

*E. T. Farrish* and *T. D. Cannon* for appellants.

(1) On June 4 the appellants in the above-entitled cause, through counsel, presented the bond herewith and prayed the court to make an order that said bond be approved and ordered filed in the circuit court and operate as a stay of proceedings as provided by section 810, Revised Statutes 1899. This matter being called to the attention of counsel for respondent, he has filed lengthy objections and to which counsel for appellants make reply. (2) Counsel for respondents is entirely mistaken as to the construction of the law. Section 3719, Revised Statutes 1879, was re-enacted as section 2256, Revised Statutes 1889, and as section 816, Revised Statutes 1899, and that provision is and has been the law since 1871 (Session Acts 1871, page 50). "The court, judge or clerk taking such recognizance shall fix the amount or sum in which it shall be taken, approve the same and enter their approval thereon." (3) The Supreme Court, in State ex rel. v. Dillon, 98 Mo. 90, expressly overruling the cases cited by counsel for respondent, holds: "That it is the duty of the court or judge to fix and determine the amount of the bond or recognizance," and further says, "True it is that section 3713 (now sec. 809, R. S. 1899) requires the penalty of the bond to be double the amount of the debt and costs recovered and the costs of the appellate court, but in many cases there is no money judgment and the costs of the appellate court can only be approximated."

*James E. Withrow* for interpleader.

(1) Section 809, Revised Statutes 1899, provides that, "Upon the appeal being made, the court shall make an order allowing the appeal, and such allowance thereof shall stay the execution in the following

cases and none others: . . . Second. When the
appellant, or some responsible person for him, together
with two sufficient sureties, to be approved by the
court, shall enter into a recognizance to the adverse
party in a penalty double the amount of whatever debt,
damages and costs, or damages and costs, have been
recovered by such judgment, together with the interest
that may accrue thereon, and the costs and damages
that may be recovered in any appellate court upon the·
appeal," etc. ·(2) It was held in this court in State ex
rel. v. Dillon, 31 Mo. App. 535, that an appeal bond in
a less sum than the amount of the judgment or decree
·appealed from, will not act as a supersedeas; and the
court in which it was rendered, can not be restrained
by prohibition from enforcing the same by execution.
(3) Again, in Railway v. Atkinson, 17 Mo. App. 494,
it was held by this court, that a supersedeas is obtained
only by complying with the statute, and an appeal bond
works as a supersedeas only when it is sufficient under
the terms of the statute.    In State ex rel. v. Klien, 137
Mo. 673, the Supreme Court held that it·is for the trial
judge, in the exercise of sound discretion, to decide
what amount of bond should be given to afford ade-
quate indemnity to the adverse party in case of ap-
pellant's failure to comply with the judgment of affirm-
ance.    (4) The fund in this case, it is true, is in the
registry of the court, but in the event that its custodian
for any cause should be unable to produce it upon an
affirmance of the judgment, these interpleaders would
be utterly without protection.    Section ˙810, Revised
Statutes 1899, which provides that any judge of this
court upon an "inspection of a copy of the record"
may grant an appeal by a special order for that pur-
pose, can have no possible application to this case.
An appeal has already been granted: first, because no
copy of the record has been presented, merely a copy
of the judgment; second, it does not and can not ap-

pear from the inspection of a mere copy of the decree, that error was committed by the trial court against the plaintiffs, materially affecting the merits of the action; third, no order could properly be made in this court, which would stay the execution, unless a recognizance in double the amount of the recovery, viz., $3,253.10, with interest and costs, shall have been given; fourth, it does not appear from the application of plaintiffs, or the certificates presented that the circuit court in any way abused its discretion in requiring a $1,500, bond to secure $1,626.55, and interest, damages and costs.

BLAND, P. J.—Plaintiffs have filed in this court a certified copy of the judgment rendered by the St. Louis Circuit Court on June 2, 1902, and a copy of an order granting the appeal therefrom to this court. Plaintiffs also present an appeal bond in the penal sum of two hundred and fifty dollars and move this court to fix the amount of the appeal bond to approve the one they have presented and to order a stay of execution of the judgment of the circuit court.

The right of appeal did not exist in common law and is purely statutory. In re Bauer, 112 Mo. 231; State ex rel. v. Woodson, 128 Mo. 497; State v. Clipper, 142 Mo. App. 474; State v. Brown, 153 Mo. 578. The right itself being purely statutory, such steps can only be taken on the appeal as are provided for by statute. Under the provisions of section 809, Revised Statutes 1899, the court from which an appeal is taken may fix the amount of the appeal bond at the time the appeal was taken. The next succeeding section (810) authorizes any judge of the Supreme Court or any judge of either of the Courts of Appeals, on an inspection of the record, to grant an appeal and to fix the amount of the appeal bond. If, after an appeal has been perfected and a supersedeas bond has been given and approved and while the case is pending in the appellate

court, it is made to appear to the appellate court that the court or judge taking the bond committed error in approving it, as where the bond is defective in form and substance, or when the sureties are insufficient, the appellate court may require a new bond as a condition to the continuation of the supersedeas. American Brewing Co. v. Talbot, 125 Mo. 388; American Brewing Co. v. Talbot, 135 Mo. 170. Beyond these powers none are conferred on the appellate court to fix the amount of an appeal bond or to take and approve the same. The appeal in this case having been allowed by the circuit court, that court alone is vested with the power to fix the amount of the appeal bond.

The motion is therefore denied.