COMSTOCK, Executrix, Respondent, v. KEATING et al., Appellants.

**St. Louis Court of Appeals, November 28, 1905.**

1. **RES JUDICATA: Adversary Parties.** Parties to a judgment are not bound by it in subsequent controversies between each other unless they were adversaries in the action in which judgment was rendered, though they may be such in fact when not so in form.

2. ————: ————. A judgment in an action on an official bond against one, and in favor of the personal representatives of another, surety on such bond, was not a bar to a subsequent action for contribution between the parties defendant.

3. **Contribution: Statutory Remedy in Aid of Equitable Right.** Where an equitable remedy is in existence at the time a statute is passed to give a remedy regarding the same matter, the statute will be construed to be in aid of the right and not to abolish the remedy in equity, unless the purpose to make the statutory remedy exclusive appears; no such purpose appears in our statutes relating to contribution and they do not supersede the equitable remedy.

4. ————: **Remedy in Equity: Legatee of Obligor.** Where one of two joint obligors on an official bond has been obliged to discharge the obligation by the payment of a judgment after the death of his co-obligor, and after the estate of the latter has been settled up and distributed, the paying obligor may proceed in equity against the legatees of his co-obligor and compel a contribution from their distributive shares of the estate.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Blevins*, Judge.

AFFIRMED.

*T. J. Rowe* and *Henry Rowe* for appellants.

The circuit court erred in sustaining plaintiff's motion to strike out parts of defendant's answer. The petition does not state facts sufficient to constitute a cause of action because the liability of one surety to another

one for contribution is based entirely and solely upon statutory provisions, and there is no statutory provision for contribution on behalf of the legatees or devisees of a deceased person for a co-security in the event of the co-surety having paid a liability on a bond. R. S. 1899, secs. 889, 890 and 891; R. S. 1899, sec. 4506; R. S. 1899, sec. 4519.

*Frank Hagerman* and *Nagel & Kirby* for respondent.

(1) A judgment in favor of plaintiff in a suit against several defendants is not conclusive as between the defendants if they were not in fact adverse parties *inter sese,* with adverse issues joined, and with the right, opportunity and power to control the introduction of plaintiff's evidence against each other. Bank v. Bartle, 114 Mo. 281, 21 S. W. 816; O'Rourke v. Railway, 142 Mo. 352, 44 S. W. 254; Hoyt v. Green, 33 Mo. App. 210; City v. Plummer, 89 Mo. App. 530; McCrory v. Parks, 18 Ohio St. 1; Cox v. Hill, 3 Ohio 411; Duncan. v. Holcomb, 26 Ind. 378; Koelsch v. Mixer, 52 Ohio St. 207. (2) The equity of contribution as between co-sureties, and in favor of the estate of one surety against the distributees of the estate of a deceased co-surety, existed at common law and does not rest solely upon statute as appellant contends. (3) The equity of contribution which existed at common law is not destroyed by the Missouri statutes cited in appelant's brief. R. S. 1899, secs. 4504, 4506, 4518 and 4519; Sutherland on Stat. Const., secs. 139 and 400; State to use v. Darby, 11 Mo. App. 533; 7 Am. and Eng. Ency. Law (2 Ed.), p. 332; Brandt on Suretyship, sec. 284; Story's Eq., sec. 1251; Lanier v. Griffin, 11 S. C. 581; Zollickoffer v. Seth, 44 Md. 359; Stevens v. Tucker, 87 Ind. 109, at 121, 122; Gibson v. Mitchell, 16 Fla. 519. (4) The very statutes cited as negativing the right to contribution against legatees and distributees, do recog-

nize and declare that the right exists against executors and administrators, meaning against the estates in their charge, and in equity the right to follow the estate into the hands of legatees, when the claim for contribution did not accrue until after distribution, is clear, and firmly established. R. S. 1899, sec. 4519; Miller v. Woodward, 8 Mo. 169; Beekman v. Richardson, 150 Mo. 430, 51 S. W. 689; Williams v. Ewing, 31 Ark. 229.

GOODE, J.—Equitable relief is invoked by the respondent against the appellants Mary Keating and Ella Butler, who are the widow and daughter of William Keating, deceased, and his legatees. Said Keating died testate in March, 1898, having appointed Mary Keating, his widow, and Edward Butler, Jr., husband of his daughter Ella, to be executrix and executor of his will. The estate was duly administered and finally settled December 13, 1901, at which time the executor and executrix were discharged. Each of the appellants received, as legatees, more than $2,000 as her distributive share of the estate. The respondent is the executrix of the will of Freeman J. Comstock, who died December 11, 1900. Comstock and Keating were sureties on the official bond of Hugh M. Thompson, a notary public. The condition of the bond was that said Thompson should faithfully perform the duties of his office. On November 2, 1895, Thompson certified the acknowledgment of a deed of trust on a lot in the city of St. Louis, the title to which was vested in Lee Martin, a colored man. The deed of trust was signed in the name of Lee Martin and purported to have been executed by him to John B. Henderson, as trustee, to secure a principal note for $800 and interest notes, all payable to Henry Zimmerman. The notarial certificate of Thompson recited that Lee Martin, the apparent grantor in the deed of trust, was known to Thompson to be the person whose name was subscribed to the instrument, and that he had personally appeared before Thompson and acknowledged

the instrument to be his free act and deed for the purpose mentioned in it. Relying on this certificate Anna Mackey purchased the notes, supposing them to be the notes of Lee Martin and well secured by the lien of the deed of trust on the lot of ground; which, as said, belonged to Lee Martin. The notes and deed of trust were forgeries and Martin had never acknowledged the deed. A white man personated him in the acknowledgment of the instrument; Thompson the notary, believing at the time that the man was in truth Lee Martin, but neglecting to do what he ought to have done, to make sure of the fact. The notes proved worthless and the purchaser (Anna Mackey) subsequently, to-wit, July 13, 1898, instituted an action in the name of the State of Missouri to her use on Thompson's official bond against Thompson himself, his surety Freeman J. Comstock, and Edward Butler, Jr., and Mary Keating as executor and executrix of the will of William Keating, the other surety, who had died in March, 1898. That action was brought to recover the damages sustained by respondent in consequence of Thompson negligently certifying to an acknowledgment by Lee Martin. Thompson filed an answer to Anna Mackey's petition, denying all its allegations and averring that the person who signed and acknowledged the deed of trust was named Lee Martin and that he (Thompson) was satisfied when he took the acknowledgment that said person was Lee Martin. The surety Comstock filed an answer containing a general denial and a special plea in bar that the name of the person who acknowledged the deed of trust was Lee Martin. Edward Butler, Jr., and Mary Keating, as the personal representatives of William Keating, filed a general denial. A replication consisting of a general denial, was filed by the plaintiff to the answer of Comstock. The issues in the case were made up by those pleadings. The trial resulted in a verdict in favor of the defendants Mary Keating and Edward Butler, Jr., as executor and executrix of William Keating, and in

favor of the plaintiff against Thompson and his surety Comstock, in the sum of $966.77. Anna Mackey remitted $41.84 from the amount of the verdict; whereupon judgment was entered exonerating the executor and executrix of Keating from liability and adjudging that the plaintiff recover of the other defendants, Thompson and Comstock, the sum of $5,000, the penalty of Thompson's bond, to be satisfied on payment of $924.23, the damages sustained by Anna Mackey and the costs. Before the cause was finally disposed of it reached this court on an appeal from a prior judgment, which was reversed and the cause remanded. [State ex rel. Mackey v. Thompson, 81 Mo. App. 549.] At the second trial a judgment was entered disposing of the cause in the way we have stated, from which the defendants Comstock and Thompson again appealed. Comstock died while that appeal was pending and after his death it was dismissed. The judgment was then proved in the probate court against the estate of Comstock and paid by his executrix, the respondent, who disbursed in so doing the sum of $1,159.65. The present suit was instituted for the purpose of recovering contribution from the appellants as legatees of William Keating, deceased, to the amount of one-half the sum respondent paid, on the ground that Keating was a co-security with Comstock on Thompson's bond and as much liable for his (Thompson's) default as Comstock. Thompson, the principal, is insolvent and an action against him would be fruitless. The judgment in favor of Anna Mackey was satisfied by the respondent January 3, 1902; that is, subsequent to the final settlement of the Keating estate, which, as said above, occurred December 13, 1901. The administration of said estate having been closed prior to the payment of the Mackey judgment, the position of the respondent is that the demand for contribution could not be presented for allowance in the probate court, nor could an action for contribution be brought against the executor and executrix, as they had been dis-

charged; wherefore respondent affirms that she is without legal remedy and entitled to relief in equity. The appellants filed an answer consisting of a general denial and a plea in bar. The latter defense rests on the theory that the judgment in their favor in the case of State ex rel. Mackey v. Thompson et al., was an adjudication that the appellants were not liable as executor and executrix of Keating's estate for Thompson's official misfeasance in certifying to an acknowledgment by Lee Martin. The answer in the present case set up the proceedings in the Mackey case, reciting the petition and the answers of the several defendants therein, and averring that the circuit court of the city of St. Louis, having jurisdiction of said Mackey case, after hearing the evidence and the pleadings, entered judgment therein on the merits in favor of the appellants as the representatives of William Keating, and against said Anna Mackey, adjudging that she (Anna Mackey) take nothing against these appellants, but that they go hence without day and recover of said Anna Mackey their costs. Wherefore, it is averred that all the matters and things alleged in the petition in the present case were fully and finally adjudicated in said case, and the judgment therein is pleaded in bar of a recovery in the present action. The respondent filed a motion to strike out appellant's plea of former adjudication. The court sustained that motion and an exception was saved. Afterwards evidence was introduced to prove all the averments of the respondent's petition, and at the conclusion of the hearing the court entered judgment in her favor for $654.18, with interest from March 17, 1902. From that judgment the present appeal was prosecuted.

1. The record fails to show why the Mackey judgment was in favor of the appellants as William Keating's representatives; but the opinion given by this court on the appeal of that action states that they succeeded at the first trial because, as Keating was dead, Anna Mackey was held to be an incompetent witness

against them, and, in consequence, proof that they were liable could not be made. It is stated in the respondent's brief that Keating's representatives obtained judgment for the same reason at the second trial. Be that as it may, it is certain that Comstock and Keating's representatives were co-defendants in the Mackey case, not adversary parties; and that Comstock had no control over the course of the trial, and the introduction of evidence, so as to enable him to establish liability against Keating's representatives. The general rule is that the parties to a judgment are not bound by it in subsequent controversies between each other unless they were adversaries in the action wherein the judgment was entered. This rule is subject to an exception when, in the course of litigation, co-plaintiffs or co-defendants do in fact, though not in form, occupy the attitude of adversaries. So far as appears this was not true of Comstock and Keating's representatives in the Mackey case. We have stated the pleadings therein and it is apparent that none of the issues presented was between the defendants *inter sese*, but between the State ex rel. Anna Mackey, as plaintiff, and the defendants. Therefore the judgment therein is no bar to the present suit. [1 Van Fleet, Coll. Att., sec. 256; McMahan v. Geiger, 73 Mo. 145; State Bank v. Bartel, 114 Mo. 276, 21 S. W. 816; Hoyt v. Green, 33 Mo. App. 205.] A case in all respects like this one as regards the immediate point, and in which a previous judgment was held no bar, is Koelsch v. Mixer, 52 Ohio St. 207. As the appellant's answer containing the plea of the proceedings and judgment in the Mackey case showed Comstock was neither an adversary of the Keating representatives nor had control over the trial of the case, we hold the court below committed no error in striking out the plea.

2. It is said the respondent is not entitled to relief for the reason that the right to contribution is purely statutory, and our statutes on the subject do not extend the right beyond the personal representatives of a de-

ceased co-debtor. The statutes governing the right of sureties to contribution, declare the remedies given by the chapter may be maintained against executors and administrators in all instances where they could be maintained against the decedents if alive. [R. S. 1899, sec. 4519.] On that statute and the one providing that, in the event of the death of one or more joint obligors, the obligation shall survive against the heirs, executors and administrators of the deceased (sec. 890.) the argument is raised that the respondent had no right to proceed against the appellants as Keating's legatees. So far as sections 890 and 891 of the statutes are concerned, they indicate that the policy of the law is to permit, not only the representatives of the deceased in the administration of his estate, but his heirs as well, to be pursued for his obligations. This means that not only his personal estate which goes to the representatives, but his realty too, in the hands of heirs or devises, is liable. In short, the statutes of this State intend that neither realty nor personalty shall be enjoyed by a decedent's heirs or devisees until his obligations are discharged; and beyond doubt that is the law. But counsel for appellants contends the law will not suffer the pursuit of the estate to continue after final distribution; at least when the object is contribution to a co-security of the decedent for money paid by the latter as surety. The old legal doctrine that there could be no contribution among joint promisors is obsolete. [Van Petten v. Richardson, 68 Mo. 379.] If the right of contribution existed solely by virtue of statutory provisions, the position of the appellants would be better. But it is a right which courts of equity originally enforced; enforced, too, against the estates of deceased co-sureties. [Brandt Suretyship, sec. 284; Sibley v. McAllister, 8 N. H. 389; May v. Vann, 15 Fla. 353.] In course of time the right became so firmly established that the law courts took cognizance of it. [Van Petten v. Richardson, supra.] In some jurisdictions, including Missouri, statutes have been enacted on

the subject of contribution. Now when an equitable remedy is in existence at the time a statute is passed to give a remedy regarding the same matter, the statute will be construed to be in aid of the right and not to abolish the remedy in equity, unless a purpose appears to make the statutory remedy exclusive. [Woodward v. Woodward, 148 Mo. 241, 49 S. W. 1001; Kreyling v. Reiley, 95 Mo. App. 561, 75 S. W. 694.] Our statutes concerning contribution contain nothing which intimates an intention to supersede any existing remedy in equity. Therefore they are to be construed as affording a new method of enforcing contribution without withdrawing those methods already available. But in this connection it is well to remember that the statutory system of administration law administered by our probate courts, abolished the old chancery remedies which creditors might adopt against estates while in the process of settlement. [Miller v. Woodward and Thornton, Admrs., 8 Mo. 169; Beekman v. Richardson, 150 Mo. 430, 436, 51 S. W. 689.] For this reason, and not because of the statutes providing for contribution, if the Keating estate had been in course of administration and the two-year statute of non-claim had not run when the judgment in favor of Anna Mackey was paid by respondent as executrix of her husband's estate, it would have been incumbent on her to present the demand for contribution to the probate court for allowance against Keating's estate; for said court may allow a claim for contribution against a decedent's estate. [Jeffries v. Ferguson, 87 Mo. 244.] But Keating's estate had been finally closed before the judgment was paid, and, therefore, before any cause of action for contribution accrued in favor of the respondent; hence, relief could not be obtained in the probate court. Neither could respondent proceed at law against the executors of Keating's estate; for they had been discharged and the assets distributed. In these circumstances the question is, Could respondent seek contribution in equity against the legatees of Keat-

ing, she being without a legal remedy? In other words, Could she follow the assets of the Keating estate into the hands of the distributees? If the respondent's right to contribution had accrued while the administration of the estate was in progress and she had been remiss in not presenting her demand for probate, likely she would receive no consideration from a court of equity. But she had no opportunity to probate it. Therefore her right to the relief she asks depends, not on our statutes, but on the general doctrines of equity jurisprudence. It is an old doctrine of equity that creditors who have not been guilty of laches, may pursue the assets of an estate into the hands of the distributees, if the distribution was made without discharging their debts. [2 Story Eq. Juris., sec. 1251; Fripp v. Talbird, 1 Hill Ch. (S. C.) 142, 144; 2 Id., 457, 462.] In Beekman v. Richardson, it was said that where the claim of a creditor could not have been presented and established within two years after the decedent's death, because the cause of action had not then accrued, equity will pursue the assets into the hands of the distributees to satisfy the claim. The language was obiter in that case, but is in harmony with the doctrine of equity jurisprudence as established by many adjudications. Whether contribution can be enforced in that way by co-surety if the estate of the decedent was settled and his representatives discharged prior to the accrual of the right to contribution, has engaged the attention of several courts of last resort, and in every instance which has come to our attention, contribution was decreed. [Zollikoffer Excr. v. Seth, 44 Md. 359; Gibson v. Mitchell, 16 Fla. 519; Stevens v. Tucker, 87 Ind. 109; Lanier Trustee v. Griffin, 11 S. C. 565, 580; Williams v. Ewing, 31 Ark. 229.] The subject is very thoroughly treated in the opinions in some of those cases, though the general principles of equity appear to leave no uncertainty concerning the propriety of the relief. We think that were the rule otherwise, it would be a stain on the law. The distributees of an estate are entitled to the

property after the obligations of the decedent are discharged. If a person with whom the decedent was co-surety is compelled to discharge a liability as surety after the estate is settled, and, therefore, after all opportunity to proceed at law is lost, it would be manifestly unjust to permit the distributees, for that reason, to retain their distributive shares. To do so would set aside for an immaterial circumstance, a fundamental doctrine of the law, namely; that the debts and obligations of a decedent must be paid before his heirs or devisees can enjoy the assets. The present case is in no way complicated by any fact going to show that one distributee is insolvent, so that the entire sum due as contribution will have to be paid by the other.

The judgment is affirmed. All concur.