STATE ex rel, MARY L. TUEMLER, Relator, v. NAT GOLDSTEIN, Clerk of the Circuit Court, City of St. Louis, Respondent.

St. Louis Court of Appeals.    Opinion Filed February 7, 1922.

1. APPEALS: Appeal  Without Bond: Supersedeas: Funds in Hands of Clerk: Appeal did not Operate as Supersedeas.  An appeal by an interpleader without bond did not operate as a *supersedeas,* though the funds were in the hands of the clerk as *custodia legis,* in view of section 1473, Revised Statutes 1919; the judgment being that one of the defendants was entitled to the fund theretofore paid into the registry of the court, and that the other defendants take nothing by their respective interpleas, and that the successful defendant recover of the other defendants the costs of the proceeding.

2. INTERPLEADER: Costs: Judgments: Valid Against Interpleader. In an interpleader's suit by an insurance company against the

claimants of the proceeds of a policy judgment having been rendered in favor of one of the defendants, the judgment for costs was properly rendered against the other defendants rather than against the deposited fund, the rule being that the successful claimant to a fund which has been placed into court on a bill of interpleader shall not suffer the costs of the litigation in the end.

3. **APPEALS: Appeal Bonds: Must be Given in Time: Authority of Trial Court to Approve.** Where an insufficient or informal bond has been seasonably given, same may be supplied or corrected in the appellate court, but neither the appellate court nor the circuit court in which the judgment was rendered has authority to take and approve an appeal bond when none was given in time in the trial court, and where no appeal bond was given in time, no *supersedeas* can operate, because section 1473, Revised Statutes 1919, does not except this class of cases from its compelling language that a *supersedeas* will not lie unless a bond is given, as therein provided.

4. ———: **Right of Appeal: Statutory.** The right of appeal is purely statutory.

5. ———: ———: **Order Striking Motion in Arrest From Files: Not Appealable.** An order of the circuit court striking from the files a motion made after an appeal had been perfected seeking to arrest a prior term judgment and vacating and setting aside its approval of an appeal bond given and approved out of time, was not such an order or judgment that may be appealed from, as enumerated in section 1469, Revised Statutes 1919, not being such a special order after final judgment as is contemplated by the statute.

6. ———: **Jurisdiction: Appeal Granted: Jurisdiction Transferred to Appellate Court.** When the circuit court grants an appeal, its jurisdiction in that case is transferred to the appellate court, and the exercise of all other judicial functions is arrested, in so far as the trial court is concerned, whether a bond be filed or not.

7. ———: **Right of Appeal: Motions: No Appeal Lies from Rulings on Motions in Absence of Statute.** In the absence of an express statute, no appeal lies from the ruling of courts on motions.

## Mandamus.    Original Proceeding.

PEREMPTORY WRIT AWARDED.

*Edward A. Feehan* for relator.

*Spencer & Donnell* and *T. F. McDonald* for respondent.

DAUES, J.—This is an original proceeding by mandamus, brought by relator to compel the respondent, as circuit clerk of the city of St. Louis, to pay over to relator the sum of $900 held by said clerk under a bill of interpleader. The issuance of an alternative writ has been waived, and it has been agreed that the petition filed herein should be regarded for all purposes as the alternative writ. To this petition respondent has interposed a general demurrer, so that the case is before us upon an issue of law.

The facts are, briefly, these: The Mutual Life Insurance Company of New York on July 8, 1920, brought an interpleader suit in the circuit court of St. Louis against Mary L. Tuemler, Luella Rosborough, (nee Tuemler), St. Louis Coffee & Spice Mills and Frank B. Sanders, Public Administrator of Madison County, Illinois. The insurance company alleged that it had theretofore issued two insurance policies to Charles F. Tuemler in each of which his wife, Luella Tuemler, was made beneficiary; that in 1912, Luella Tuemler secured a divorce from her husband, by which decree her maiden name, Rosborough, was restored; that after the divorce Charles F. Tuemler applied to the insurance company to change the beneficiary in the policy from his former wife to his sister, Mary L. Tuemler. The insurance company, refused to make the change, for the reason that the beneficiary originally named in the policy did not consent thereto. It was also alleged that the St. Louis Coffee & Spice Mills and Frank B. Sanders, as administrator of the estate aforesaid, claimed an interest in the proceeds of the policies.

The cause was tried on the interpleas and judgment was rendered April 11, 1921, in favor of Mary L. Tuemler, and the respondent clerk was ordered to pay

to her the fund which had theretofore been paid into court by the insurance company. On April 14, 1921, Luella Rosborough filed a motion for a new trial, which was overruled on April 18, 1921. Affidavit for an an appeal was filed by interpleader Rosborough on May 23, 1921, and an appeal was thereupon allowed to this court. No bond was tendered to or approved by the court, and no time taken in which to give such bond. The decree was rendered and the appeal perfected at the April, 1921, term of the circuit court. Thereafter, on September 7, 1921, and during the June term of said court, interpleader Rosborough filed a motion to withhold the fund by the clerk until such time as this court might render a decision on the appeal taken at the April term, and at that time presented an appeal bond. The bond was approved. Although not material here, relator maintains throughout that the court approved this bond by inadvertence.

On September 23, 1921, a motion by relator to strike from the files the motion of interpleader Rosborough of September 7, 1921, was filed and sustained, and thus the Rosborough motion to withhold the fund in court was stricken from the files. Also, at the same time a motion to set aside approval of the appeal bond of September 7, 1921, was filed by relator and was sustained by the court. On September 26, 1921, interpleader Rosborough filed an affidavit for appeal, and thereupon an appeal was granted from the court's action in sustaining the relator's motion to strike the Rosborough motion (Sept. 7, 1921) from the files and vacating approval of the appeal bond of September 7, 1921. This appeal bond was fixed at $2000. Prior to the filing of this appeal bond, relator had filed her motion asking the court to set aside its order allowing the appeal and fixing the amount of the appeal bond. The motion of relator to set aside the order of September 26, 1921, fixing the mount of the appeal bond and allowing time in which to give such bond and granting an appeal was overruled on October 24, 1921, having been carried over to the October Term.

Relator made formal written demand on the respondent clerk for payment of the fund to her, and on being refused relator filed her petition in this court for a writ of mandamus.

Respondent, by memorandum, gives his reasons for refusing to turn over the fund in dispute to the successful litigant below, as follows:

First—Because the question as to whether it is necessary to give an appeal bond in order to effect a *supersedeas* when the fund which is the subject of the litigation is in the possession of the court has never been passed upon by any of the Appellate Courts of this State;

Second—"Whether *supersedeas* was or was not created by the granting of the appeal of May 23, 1921, without the giving of an appeal bond, the granting of an appeal on September 26, 1921, from an order striking from the files the motion of interpleader Luella Rosborough to require the holding of the fund in court, brought to the St. Louis Court of Appeals for ultimate decision the question as to the right of Luella Rosborough to have the court direct the clerk to hold the fund. Until the St. Louis Court of Appeals had passed upon this appeal, there was no final determination of the question raised by the motion to hold the fund in court. If, in advance of such final determination, the respondent paid the fund in question to the relator herein, he would have been taking the risk of what the decision of St. Louis Court of Appeals would be on the appeal from the action of the circuit court in striking from the files the motion to hold the fund in court."

We have permitted counsel for interpleader Rosborough to appear and file brief in opposition to relator's position.

The questions addressed to us for decision are, first: Whether the appeal at the April term, 1921, without bond, under the circumstances of this case, operates as a *supersedeas,* and, second: Whether the order of the circuit court of September 26, 1921, striking from the

files the Rosborough motion to withhold the fund, constitutes an appealable order.

We have reached the conclusion that the appeal of May 23, 1921, without bond did not operate as a *supersedeas,* and, again, that the order of September 26, 1921, striking from the files the Rosborough motion to withhold the fund, was not an appealable order.

Section 1473, Revised Statutes 1919, relating to stay of execution on appeal, is as follows:

"Upon the appeal being made, the court from which appeal is prayed, shall make an order allowing the appeal, and such allowance thereof shall stay the execution in the following cases, and no other: First, when the appellant shall be an executor or administrator, guardian or curator, and the action shall be by or against him as such, or when the appellant shall be a county, city, town, township, school district or other municipality; second, when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party in a penalty double the amount of whatever debt, damages and costs, or damages and costs, have been recovered by such judgment, together with the interest that may have accrued thereon, and the costs and damages that may be recovered in any appellate court upon the appeal, conditioned that the appellant will prosecute his appeal with due diligence to a decision in the appellate court and shall perform such judgment as shall be given by such court, or such as the appellate court may direct the circuit court to give, and if the judgment of such court or any part thereof, be affirmed, that he will comply with and perform the same, so far as it may be affirmed, and will pay all damages and costs that may be awarded against the appellant by any appellate court: *Provided, however,* that the court may, at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding

ten days, to file the same, subject to the approval of the clerk, and such appeal bond, approved by the clerk and filed within the time specified in such order, shall have the effect to stay the execution thereafter, and if any execution shall have been taken prior to the filing of said bond, the same shall be released."

Observably, under this statute the appeal bond must be given at the judgment term, or during the ten days of grace thereafter. Concededly, this statute was not complied with in the instant case, no bond having been given at the April term, or within ten days thereafter. But, says counsel for interpleader Rosborough, no bond is necessary when the funds are in the hands of the clerk as *custodia legis*, because a bond in such case serves no purpose. Counsel relies mainly upon the case of State ex rel. Guinotte, 156 Mo. l. c. 522, 57 S. W. 281, and upon a general statement contained in 3 Corpus Juris, 1296, both of which citations we will presently discuss.

The judgment (April 11, 1921) decreed that relator was entitled to the fund of $900 theretofore paid into the registry of the court, and that the remaining defendants had no right, interest or title in said fund. It further decreed that the interpleaders, except the relator, take nothing by their respective interpleas; and "that the defendant, Mary L. Tuemler, recover of the defendant Luella Rosborough (formerly Luella Tuemler), St. Louis Coffee & Spice Mills, a corporation, and Frank B. Sanders, Public Administrator of Madison county, Illinois, the costs of this proceeding and that execution issue therefor." Therefore, it will be noted that the judgment is against the defendants, including interpleader Rosborough, for costs of the proceedings.

The judgment having been rendered against the defendants, including Luella Rosborough (she alone appealing), the question arises whether judgment for costs could have been properly rendered against the defendants rather than against the deposited fund.

In the case of Woodmen of the World v. Wood, 100 Mo. App. 655, l. c. 660, 75 S. W. 377, the Kansas City Court of Appeals plainly ruled that the successful claimant to a fund which has been placed into court on a bill of interpleader shall not suffer the costs of the litigation in the end. Judge ELLISON, speaking for that court, said:

"That the successful and rightful claimant simply has the misfortune to have his right disputed by a contesting claimant which is the cause of the costs being charged against the fund. But in the end, the whole costs, including that taken out of the fund for the plaintiff, will be charged against the party whose invalid claim caused the proceedng to be instituted. [II Ency. Plead. and Prac., 475; Tiedeman's Eq. Jur., sec. 573; Farley v. Blood, 10 Foster 373; Michigan Plaster Co. v. White, 44 Mich. 25, 30; Louisiana Lottery v. Clark, 16 Fed. 20; Cowtan v. Williams, 9 Ves. Jr. 107; Hendry v. Key, I Dick. 291; Dowson v. Hardcastle, 2 Cox. 278.]"

To the same effect is Woodmen of the World v. Broadwell, 114 Mo. App. 471, 89 S. W. 891. Therefore, the judgment for costs against interpleader Rosborough is a valid judgment for which execution may issue.

Our examination of the Guinotte case, supra, does not convince us of a direction by our Supreme Court that an appeal without bond operates as a *supersedeas* in a case such as the one now before us. In that case the contest was one concerning the validity of a will. The administrator *pendente lite* had given bond in the probate court to account for the estate in controversy. The only issue in the circuit court was whether the paper was a will or was not a will, and the court held that because the statute covering appeals in will cases did not require that a bond should be given, there was a *supersedeas* without bond. The language of that opinion clearly gives such as the reason for that holding, as will be seen to-wit:

"The general provision allowing appeals, allows them to be with or without bond; the statute under the

head of wills mentions no bond to be given, and very properly so; the proceeding in the circuit court is wholly a proceeding *in rem;* the result of which is to determine the statute of the paper writing offered in evidence, whether it be the will of the testator or not. [Benoist v. Murrin, supra; Harris v. Hays, 53 Mo. 90; I Woerner Am. L. Admin. (2 Ed), star p. 500; Brown on Jurisdiction, sec. 64; McMahon v. McMahon, 100 Mo. 97.]

"This being the sole issue joined in the circuit court it is extremely difficult to see, if a bond were required on appeal, how it could be framed and what would be its conditions. If the appeal be taken by the administrator *pendente lite,* a bond given by him certainly could not relate to the estate, because that is not involved in the controversy in the circuit court; and if given to perform the judgment of this court, that would be wholly unnecessary as being already covered by the bond previously given in the probate court. And upon an issue *devisavit vel non,* certainly there would be nothing to restore to the adverse party in the event of the appellant being unsuccessful in this court. The sole reason for giving a *supersedeas* bond is therefore lacking and doubtless, therefore, the statute in relation to such contests does not require a bond to be given. For these reasons we hold that no occasion existed to give bond in the circuit court and that the appeal transferred the cause to this court, so far as concerns the validity of the contested will."

3 Corpus Juris, 1296, cited above, is as follows:

"In some jurisdictions, where the fund which is the subject of litigation is in court, and a judgment or decree is made directing its payment to one of the parties, from which judgment or decree the adverse party appeals, it is not necessary for appellant to give security for the payment of the money in order to make the appeal a stay of proceedings."

Counsel for respondent concede that the decisions upon which this statement is based admit of a differentiation from the case at bar because of the peculiar pro-

visions of the statutes in the States in which these cases were decided.

To support the text, the following authorities are cited:

McCallion v. Hibernia Society, 98 Cal. 442, and Broder v. Conklin, 121 Cal. 289. In these cases statutory appeal bonds were given and the question in each case was whether under the peculiar requirements of the code of that State the appeal bond would suffice to operate as a *supersedeas* bond.

In Metropolitan Bank v. Blaise, 109 La. 92, it was held that the lower court did not abuse its discretion in holding the cost bond to be sufficient to maintain a suspensive appeal. The main question there seemed to relate to the question of procedure in securing an increased appeal bond. And likewise, in the case, In re Yrle, 116 La. 259, a cost bond was held to be sufficient to maintain a suspensive appeal under the code of that State.

The case of Ex parte Brown, 58 Ala. 536, is so far afield of the question before us that we do not discuss it.

These are all the cases cited in Corpus Juris from the courts of our country underlying the text referred to. This statement of law, therefore, has no weight in the instant case, where we have a plain statute on *supersedeas* bonds.

There are many cases in this State to the effect that where an insufficient or informal bond has been seasonably given, same may be supplied or corrected in the Appellate Court, but nowhere do we find authority justifying this court, nor the circuit court in which the judgment was rendered, in taking and approving an appeal bond when none was given in time below. [See Kreyling v. O'Reilly, 95 Mo. App. 561, 75 S. W. 694; State ex rel. v. Dillon, 98 Mo. 90, 11 S. W. 255.]

It would be sufficient to say that no *supersedeas* can operate on this April term appeal, because the statute does not except this class of cases from its compelling language that a *supersedeas* will not lie unless a bond is given, as therein provided.

State ex rel. v. Dillon supra, we think, points out the way to the result herein reached. In that case a part of the money ($3000) was in court. Plaintiff was successful; defendant appealed, giving an appeal bond in the sum of $850. At a subsequent term the circuit court directed the clerk to pay over the money to plaintiff. Defendant applied to the Supreme Court for a writ of prohibition, and this was granted. The court held that the appeal bond having been given and approved, *supersedeas* followed and could not be defeated on the ground that the court had taken a bond insufficient in amount. It was further said by Judge BLACK in that case that the court could properly take into consideration, where no money judgment was rendered, the fact that the money in dispute was in the custody of the court in fixing the appeal bond. No doubt can remain, however, that this case is an authority for the proposition that where no bond whatsoever is given, there is no stay of execution.

The right of appeal is purely statutory. It is not claimed that any other statutory provision, either by an omission to require bond or by express exemption obviates the necessity of giving a bond to stay execution in a case where the fund is in the possession of the court. We do not have here a situation which is analogous to the Guinotte case, supra, where the statute dealt with the entire subject of will contests and made no requirement for bond as a stay of proceedings in such cases. Here we have a money judgment in favor of one litigant for $900 and against the losing litigant for costs, and the money is withheld from the successful litigant at the instance of the unsuccessful or adverse party. Using the language of the statute, "debt, damages and costs, or damages and costs, have been recovered by such judgment," and with this the successful party is entitled to a bond to cover "the costs and damages that may be recovered in any appellate court upon the appeal." The mere fact that the bare principal sum is in the hands of the clerk does not obviate the requirements of the statute for bond in order to secure a stay.

The successful litigant is entitled to security from the losing party beyond the fact that the money is in the hands of the clerk. We cannot find any good reason, and certainly no authority for holding that relator is not entitled to the fund adjudged to her by a judgment which has not been stayed by a *supersedeas* bond. We cannot change the statute which clearly includes this judgment within its terms. It may be that our law-making body should obviate the necessity of giving a bond in this kind of a case; it is enough to say that up to date it has not done so.

The second question is whether the court's order striking from the files the motion of Luella Rosborough at the June term, (Sept. 26, 1921), seeking to arrest the April term judgment is an appealable order.

What interpleader Rosborough sought to do by her motion filed September 7, 1921 (June term), which motion was accompanied by a bond for $2000, was to secure an order on the respondent clerk to withhold payment of said fund and to supply a bond which had not been given. The action taken by the circuit court on relator's motion (Sept. 7, 1921) was to strike from the files said motion of Luella Rosborough and to vacate and set aside its approval of said appeal bond as being given and approved out of time, and from the ruling on this motion this second appeal is attempted.

When the circuit court grants an appeal, its jurisdiction in that case is transferred to the appellate court, and the exercise of all other judicial functions is arrested, in so far as the trial court is concerned, whether a bond be filed or not. The provision of the bond is to suspend execution of the judgment pending appeal. [State ex rel. v. Gates, 143 Mo. 63, 44 S. W. 739.] And the appeal once taken, the circuit court has no power to set aside the judgment from which the appeal was taken. [Storey & Clark Piano Co. v. Gibbons, 96 Mo. App. 218, 70 S. W. 168; Burgess v. O'Donoghue, 90 Mo. 299, 2 S. W. 303; Rodney v. Gibbs, 184 Mo. l. c. 11, 82 S. W. 187; Reed v. Bright, 232 Mo. l. c. 415, 134 S. W. 653.]

209 M. A.—8

It has been ruled over and over again that in the absence of an express statute no appeal lies from the ruling of courts on motions. [Lowe v. Frede, 258 Mo. l. c. 210, 167 S. W. 1030.] Here we have a ruling on a motion which was not a judgment of the court and was not appealable. [State ex rel. v. McElhinney, 241 Mo. l. c. 608, 145 S. W. 113⁹; Tamblyn v. Lead Co., 161 Mo. App. 296, 143 S. W. 1095; Ackerman v. Green, 201 Mo. 231, 100 S. W. 30; Bussiere's Admr. v. Sayman, 257 Mo. 303, 165 S. W. 796.] In the Bussiere case, Judge FARIS, has exhaustively discussed the appealable orders after judgment, and we find ample authority in that opinion to rule that this order was not appealable.

Section 1469, Revised Statutes 1919, enumerates orders and judgments that may be appealed from. We cannot miter this order with any provision of that statute, and this is not such a special order after final judgment as is contemplated by that statute.

This court in the case of State ex rel. v. Shields, 186 S. W. 1105, had a similar proposition before it as is involved in this case, but did not decide the question because it was found that the writ should have been directed against the clerk and not the judge.

If the circuit court had sustained the June term motion of interpleader Rosborough, or suspended the April term decree until the determination of the appeal instead of striking that motion from the files, the effect of such order would have been to grant a *supersedeas* in direct contravention of the provisions of the statute, and the order would have been *coram non judice* and void. If by the method of the second appeal in this case a stay of execution can be brought into existence as to this judgment, then we see no reason why any losing party against whom a judgment has been rendered in an ordinary case cannot by similar methods, after the time for filing bond has lapsed, achieve the same result.

In his oral argument and in the brief, counsel for interpleader Rosborough practically abandons the June term proceedings, but takes the position that no bond

is required on an appeal from the decree adjudicating the rights of a party to a fund which is in court.

We conclude that the judgment rendered at the April term, 1921, was not superseded, since no appeal bond was seasonably given. Secondly, that the granting of the appeal on September 26, 1921, from an order striking from the files the motion of interpleader Rosborough to require the holding of the fund in court was *coram non judice* and void.

The peremptory writ is awarded. *Allen, P. J.*, and *Becker, J.*, concur.