## LEHMAN et al. v. HOWARD et al.

### No. 2169.

Court of Civil Appeals of Texas. Waco.

Nov. 23, 1939.

E. M. Dodson, of Marlin, for appellants.

Cecil R. Glass, of Marlin, and George Clark and Jos. W. Hale, both of Waco, for appellees.

ALEXANDER, Justice.

Charles Parcus, G. W. Howard, G. W. Lehman, Pete Machacek, and Frank Baca executed a promissory note to one Mrs. M. O. Britt. Lehman died and claim for the amount of the note was duly presented to his administrators and paid in the course of administration. Thereafter, Lehman's administrators brought this suit against G. W. Howard for contribution, it being alleged that Parcus was principal on the note and that the other four obligors were co-sureties. It was alleged that Parcus, Machacek and Baca were insolvent, and consequently they were not joined as defendants in the original petition. However, Parcus was later joined as a defendant. Howard defended on the ground that Lehman was a co-principal on the note along with Parcus, and, as a consequence, he, Howard, was under no obligation to make contribution to Lehman's estate for the amount paid by said estate on said note. A trial before a jury resulted in verdict and judgment in favor of Howard. The plaintiffs have appealed.

The main issue in the case was whether Lehman was a principal on the note or merely a surety thereon. As above stated, Baca, one of the sureties on the note, was not joined herein as a defendant for the reason that he was alleged to be notoriously insolvent. The defendant Howard called Baca as a witness and was permitted to prove by him that Lehman had stated to him at the time the note was signed that he, Lehman, was one of the principal obligors on the note. Appellants contend that this evidence was inadmissible under the provisions of R.S. art. 3716, known as the "Dead Man's Statute,"

which, under certain circumstances, prohibits a party to the suit from testifying to any statement by or transaction with a deceased person whose estate is a party to the suit unless called to testify thereto by the opposite party. Appellants concede that Baca was not a party to the suit but contend that a judgment in this case, either granting or denying contribution from Howard, would be res judicata in a similar suit brought by Lehman's estate against Baca, and that by reason thereof, he sustained such relation to the suit as to render his evidence inadmissible under the above statute. We overrule this contention. We recognize that the above statute applies to all who would be bound by the judgment even though they may not be actual parties thereto. 14 Tex.Jur. 323. However, the general rule is that a judgment in personam is binding only on the parties thereto and their privies. 26 Tex. Jur. 209. By a privy is meant one whose rights are derived from or through a party to the judgment. 26 Tex.Jur. 235. A surety does not derive any rights by, through or under his co-surety and cannot be classified as a privy to him. In our opinion, a judgment in this suit granting or denying contribution from Howard would not be res judicata of a subsequent suit by Lehman's estate against Baca for contribution. 50 C.J. 302, sec. 506, p. 308, sec. 516; Comstock v. Keating, 115 Mo. App. 372, 91 S.W. 416.

Howard was permitted to prove by his co-defendant Parcus that Lehman was a principal on the note sued on. Appellants contend that Parcus was prohibited by the "Dead Man's Statute", above referred to, from testifying to any transaction with the deceased Lehman. Lehman's administrators originally brought the suit against Howard alone, it being alleged that Parcus was insolvent. When Howard answered, he denied that Parcus was insolvent and prayed that Parcus be made a party to the suit. While the record was in this status the plaintiffs took Parcus' deposition and developed the facts concerning the transaction that occurred between Lehman and Parcus at the time the note was executed. Afterwards, the plaintiffs joined Parcus as party defendant, and he was a party thereto at the time of the trial. The rule seems to be that when a party takes the deposition of a witness concerning a transaction with a deceased person, he thereby "calls" the witness with-

in the meaning of the statute above referred to and waives his right to object to his evidence concerning a transaction with the deceased. Allen v. Pollard, 109 Tex. 536, 212 S.W. 468; Wyatt v. Chambers, Tex.Civ.App., 182 S.W. 16; Hadley v. Upshaw, 27 Tex. 547, 86 Am.Dec. 654; Ivy v. Ivy, 51 Tex.Civ.App. 397, 112 S.W. 110, par. 4. Appellants concede the correctness of the rule above announced but contend that since Parcus had not been cited to answer as a defendant in the cause at the time the deposition was taken, the rule is inapplicable. We do not agree with this contention. The defendant Howard had filed his answer praying that Parcus be made a party to the suit at the time the deposition was taken and the plaintiffs then knew that Parcus had been named a party thereto. Plaintiffs were fully aware of Parcus' connection with the transaction. There was no change in his relation to the transaction between the time the deposition was taken and the trial of the case. By taking the deposition of the witness concerning the transaction in question, the plaintiffs thereby vouched for his credibility and signified their willingness to have the witness testify to the transaction in question. Having thus compelled Parcus to disclose the facts, they had no right to object to the introduction of the evidence upon the trial of the case. The fact that the deposition was taken on agreement, saving the right to make all legal objections upon the trial the same as if the witness were present and testifying in person, does not alter the case. Having caused the witness to disclose the facts, they thereby called him within the meaning of the statute, and the evidence was not subject to any legal objection.

■ The court submitted the issue of suretyship to the jury, and in that connection defined a surety as follows: "A surety is a person who becomes liable for another's debt in which such person has not a direct personal interest and from which he does not receive any value." Plaintiffs objected to this definition on the ground that it would lead the jury to believe that in the event Parcus had paid any of the money received on the note to Lehman in payment of a debt to Lehman, this would constitute Lehman a principal on the note rather than a surety. It appears, however, that plaintiffs requested the court to define the term surety as follows: "A surety is a person who becomes

liable for the debt of another and does not receive any part of the consideration for which the obligation is given." We do not see any material difference between the definition given by the court and that requested by plaintiffs. Moreover, we think the evidence conclusively established that Lehman was a co-principal on the note and not a surety thereon. Therefore, no reversible error is presented.

We have examined all other assignments and find no reversible error.

The judgment of the trial court is affirmed.